USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/5/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ESTEBAN FLORES BARRETO PELON, et al.,

                            Plaintiffs,

         - against -

GABI OPERATING CORP. et al.,

                            Defendants.
-------------------------------------------------------------X

19-CV-502 (RWL)

**ORDER APPROVING FLSA SETTLEMENT**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

      This case is a collective and class action for damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and the New York Labor Law. Before the Court is the parties' joint letter request that the Court approve their FLSA Settlement Agreement And Release, a fully executed copy of which was submitted on June 3, 2022 at Dkt. 171-1. The FLSA Settlement Agreement is between Defendants and the named Plaintiffs and resolves only the named Plaintiffs' FLSA claims.

      A federal court is obligated to determine whether settlement of an FLSA case under the court's consideration is fair and reasonable and the subject of an arm's length negotiation, not an employer's overreaching. *See Cheeks v. Freeport Pancake House*, 796 F.3d 199 (2d Cir. 2015).

      The Court assisted in mediating the settlement of this action and has carefully reviewed the FLSA Settlement Agreement as well as the parties' letter. On August 5, 2022, the Court held a conference to discuss the FLSA Settlement Agreement as well as Plaintiffs' pending motion for certification of the Rule 23 class action for purposes of settlement, for which the Court has given preliminary approval by separate order.

The Court has taken into account, without limitation, prior proceedings in this action; the attendant risks, burdens, and costs associated with continuing the action; the range of possible recovery (both individually and collectively); whether the FLSA Settlement Agreement is the product of arm's length bargaining between experienced counsel or parties; the amount of attorney's fees; the possibility of fraud or collusion; and the amounts and proportion of funds allocated to settlement of the named Plaintiffs' FLSA claims vis-à-vis settlement of the Rule 23 class action claims.  Among other attributes of the FLSA Settlement Agreement, there is no confidentiality restriction; the non-disparagement provision is mutual and contains appropriate exceptions; the release is limited to the named Plaintiffs' FLSA claims, and the attorneys' fees are within a fair, reasonable, and acceptable range.  Considering all the circumstances, the Court finds that the FLSA Settlement Agreement is fair and reasonable and hereby approved.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated: August 5, 2022
          New York, New York

Copies transmitted to all counsel of record.