UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| ESTEBAN FLORES BARRETO PELON, ENRIQUE J. BALDERAS, FRANCISCO FLORES BARRETO, EDGAR EDUARDO MONTERROSO LOPEZ, DAGOBERTO FLORES BARRETO, HECTOR PLIEGO MASTACHE, HILARIO BARRETO GARCIA (A.K.A. WILLY), JOSE MANUEL BARRETO CORTEZ, JUAN ZEFERINO, JOSE VICTOR GARCIA CASTELAN (A/K/A VICTOR GARCIA), SERGIO GARCIA CASTELAN, BALTAZAR DE LOS SANTOS HERNANDEZ, EDUARDO DE JESUS NORIEGA, FABIAN DE JESUS GREGORIO, HONORIO CANDIA LIBRADO, JUAN CARLOS CARDENAS, MARCELINO CRUZ, MELVIN RAMIREZ, MILAN FLORES HELADIO, RAUL VILLEGAS PERALTA, ANTONIO LOPEZ, JUAN PABLO BARRETO ANZURES, OCTAVIO PERALTA MARCELO, WILMER BATEN, SIXTO VICENTE, ELICIAS LORENZO MEJIA SAPON, JILMAR RAMIREZ  (A/K/A JOSE PEREZ), RAFAEL VALENCIA ORTEGA, and JUAN JOSE CRUZ GARCIA, *on behalf of others similarly situated,* | Case No. 19-CV-00502 (RWL) |
|                                     Plaintiffs,<br><br>           v.<br><br>GABI OPERATING CORP. (D/B/A MARINARA PIZZA (F/D/B/A SABA'S PIZZA)), BRITTGAB CORP. (D/B/A SABA'S PIZZA), PIZZA 84 LLC (D/B/A MARINARA PIZZA), PIZZA 54 INC. (D/B/A MARINARA PIZZA), MOSHGAB CORP. (D/B/A SABA'S PIZZA), PIZZA 26 LLC (D/B/A MARINARA PIZZA), PIZZA 10 LLC (D/B/A MARINARA PIZZA), GABRIEL WEISER and JONATHAN BANAYAN,<br><br>                                     Defendants. |  |

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (the "Agreement") is entered into by and between Esteban Flores Barreto Pelon, Enrique J. Balderas, Francisco Flores Barreto, Edgar Eduardo Monterroso Lopez, Dagoberto Flores Barreto, Hector Pliego Mastache, Hilario Barreto Garcia (a.k.a. Willy), Jose Manuel Barreto Cortez, Juan Zeferino, Jose Victor Garcia Castelan (a/k/a Victor Garcia), Sergio Garcia Castelan, Baltazar De Los Santos Hernandez, Eduardo De Jesus Noriega, Fabian De Jesus Gregorio, Honorio Candia Librado, Juan Carlos Cardenas, Marcelino Cruz, Melvin Ramirez, Milan Flores Heladio, Raul Villegas Peralta, Antonio Lopez, Juan Pablo Barreto Anzures, Octavio Peralta Marcelo, Wilmer Baten, Sixto Vicente, Elicias Lorenzo Mejia Sapon, Jilmar Ramirez  (a/k/a Jose Perez), Rafael Valencia Ortega, and Juan Jose Cruz Garcia , on

behalf of themselves and a class and collective of individuals they represent, and Defendants Gabi Operating Corp., Brittgab Corp., Pizza 84 LLC, Pizza 54 Inc., Moshgab Corp., Pizza 26 LLC, Pizza 10 LLC, Gabriel Weiser and Jonathan Banayan (collectively referred to hereinafter as the "Parties").

## RECITALS AND BACKGROUND

WHEREAS, on October 21, 2021, the Named Plaintiffs filed a Collective and Class Action Complaint in which they asserted class and collective claims against Defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), the New York Labor Law ("NYLL"), and related regulations for alleged wage and timekeeping violations concerning the Named Plaintiffs and the Class Members who they alleged are similarly situated (the "Litigation" or the "Action"); and

WHEREAS, Defendants vehemently deny all the allegations made by the Named Plaintiffs relating to their claims in the Litigation and deny any and all liability and damages to the Named Plaintiffs and Class Members with respect to the alleged facts or causes of action asserted in the Litigation; and

WHEREAS, certain Named Plaintiffs and Defendants attended two separate settlement conferences before the Honorable Magistrate Judge Robert W. Lehrburger, and ultimately agreed to a settlement in principle of the Named Plaintiffs' and all other Class Members' claims at the second settlement conference on a claims-made class-wide basis; and

WHEREAS, per the Court's directive, the Named Plaintiffs and Defendants entered into a separate Settlement Agreement resolving only the Named Plaintiffs' Individual FLSA Claims, which was submitted to the Court for approval on June 3, 2022, and to enter into this separate Agreement to resolve the Named Plaintiffs' remaining non-FLSA claims, as well as all other Class Members' FLSA and NYLL claims in the Litigation, on the terms and conditions set forth in this Agreement to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, the Named Plaintiffs have reviewed the terms of this Agreement, have had the opportunity to confer with their legal counsel, including William K. Oates, Esq. of CSM Legal, P.C. ("Plaintiffs' Counsel" or "Class Counsel"), and/or other advisors of their own choosing in order to obtain advice with respect to the terms of this Agreement.  The Named Plaintiffs acknowledge that it is their choice to waive their remaining non-FLSA claims against Defendants in return for the consideration set forth herein and that they made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with their attorneys;

WHEREAS, by signing below, the Named Plaintiffs represent that their primary language is Spanish; that an employee of Class Counsel is fluent in Spanish, has reviewed all terms of this Agreement with Plaintiffs in Spanish, and has translated this Agreement to Plaintiffs from English to Spanish; and that Plaintiffs fully understand all terms of this Agreement and voluntarily accept them;

WHEREAS, the Named Plaintiffs and Defendants represent and warrant that they are entering into this Agreement of their own free will and accord after consultation with their respective counsel, and acknowledge that they are executing this Agreement knowingly and voluntarily, and the Named Plaintiffs are signing on behalf of themselves and the Class Members they purport to represent as stated in the Second Amended Complaint;

WHEREAS, the purpose of this Agreement is to settle fully and finally all Released Claims that are the subject of this Agreement between the Named Plaintiffs and Class Members, on the one hand, and Defendants, on the other hand, in return for the consideration set forth herein; and

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Named Plaintiffs, on behalf of themselves and all other Class Members, with Defendants, hereto agree to a full and complete settlement of the claims subject to this Agreement on the following terms and conditions, subject to approval by the Court:

## 1. DEFINITIONS

The defined terms set forth in this Agreement have the meanings ascribed to them below.

1.1 **Agreement.** "Agreement" means this Settlement Agreement and Release.

1.2 **Alternative Minimum Benefit**. "Alternative Minimum Benefit" means the settlement amount of Twenty Five Dollars and Zero Cents ($25.00) for Class Members whose settlement allocation pursuant to Section 3.4(B) falls below Twenty Five Dollars and Zero Cents ($25.00). This Alternative Minimum Benefit is considered to be 100% non-wage damages and is not subject to tax withholdings.

1.3 **Claim Form**. "Claim Form" shall mean the Court approved Form (in English and Spanish) provided to Class Members that they must complete, sign, and submit in order to obtain their Individual Settlement Amount pursuant to this Agreement. The Claim Form must be sent to the Settlement Claims Administrator, along with a valid IRS Form W-9 (the "IRS Form"), and shall be in the Form attached as Exhibit B to this Agreement, or in such other Form as approved by the Court, in accordance with the terms of this Agreement. The Claim Form need not be completed and submitted by any Named Plaintiff that signs this Agreement, however, any Named Plaintiff who signs this Agreement still must timely submit to the Settlement Claims Administrator a completed and valid IRS Form. In order to receive their Individual Settlement Amount, a Class Member, including the Named Plaintiffs, must complete, sign, and submit the IRS Form to the Class Administrator within 300 days after the Claim Form Deadline.

1.4 **Claim Form Deadline**. "Claim Form Deadline" shall mean the date that is sixty (60) calendar days after the Settlement Claims Administrator mails the Notice, Claim Form, and IRS Form to Class Members pursuant to Section 2.5 of this Agreement. If the Claim Form Deadline falls on a Sunday or national bank holiday, the Claim Form Deadline will be the next business day that is not a Sunday or national bank holiday.

1.5 **Claimant**. "Claimant" shall mean any Class Member who submits a completed Claim Form by the Claim Form Deadline in accordance with the terms of this Agreement and the Named Plaintiffs who sign this Agreement. A "Claimant" who fails to provide the Settlement Claims Administrator with a completed and valid IRS Form within 300 days of the Claim Form Deadline shall not be entitled to receive their Individual Settlement Amount and/or Service Award.

1.6 **Claims Administrator** or **Settlement Claims Administrator**.   The "Claims Administrator" or "Settlement Claims Administrator" will be mutually selected by the Parties, subject to approval by the Court, to mail the Notice, Claim Form, and IRS Form and administer the calculation, allocation, and distribution of the QSF in accordance with this Agreement.  The Settlements Claims Administrator's fees and costs will be paid for as follows: half of the fees and costs will be paid by Defendants directly; and the other half of the fees and costs will be paid by Class Counsel directly. To clarify, no fees or costs of the Claims Administrator will be paid out of the QSF. The Parties have preliminarily identified Rust Consulting as the Settlement Claims Administrator.

1.7 **Class Members**.  "Class Members" shall mean all non-exempt food service workers who work or worked at Marinara Pizza or Saba's Pizza restaurants in New York, New York during the Relevant Statutory Period, including the Named Plaintiffs and all other members of the FLSA Class and NYLL Class, and whom have not previously had their FLSA and NYLL claims dismissed with prejudice or resolved pursuant to an offer of judgment via Fed. R. Civ. P. 68, or whom have not previously waived their FLSA and NYLL claims against Defendants, for claims that are within the Relevant Time Period.

1.8 **Class Counsel.** "Class Counsel" shall mean CSM Legal, P.C. (formerly Michael Faillace & Associates, P.C.), including William K. Oates, 60 East 42nd Street, Suite 4510, New York, New York 10165, Tel: (212) 317-1200.

1.9 **Court**.  "Court" means the United States District Court for the Southern District of New York.

1.10 **Days**.  "Days" means calendar days unless otherwise stated.

1.11 **Defendants**.  "Defendants" shall mean Gabi Operating Corp., Brittgab Corp., Pizza 84 LLC, Pizza 54 Inc., Moshgab Corp., Pizza 26 LLC, Pizza 10 LLC (together, the "Corporate Defendants") and Gabriel Weiser and Jonathan Banayan (together, the "Individual Defendants") (collectively referred to as "Defendants").

1.12 **Defendants' Counsel**.  "Defendants' Counsel" shall mean Ilan Weiser, Amanda M. Fugazy, and Paul Rooney of Ellenoff, Grossman & Schole LLP.

1.13 **Defendant Restaurants.** "Defendant Restaurants" shall mean "Saba's Pizza" and "Marinara Pizza."

(A)  "Saba's Pizza" refers to two Defendant Restaurants that operate in New York, New York at the following addresses: (1) 1217 Lexington Avenue; and (2) 403 Amsterdam Avenue.

(B)    "Marinara Pizza" refers to five Defendant Restaurants that operate in New York, New York at the following addresses: (1) 1376 Lexington Avenue; (2) 985 First Avenue; (3) 483 Amsterdam Avenue; (4) 160 Second Avenue; and (5) 379 Park Avenue South.

**1.14    Effective Date**.  "Effective Date" of this Settlement Agreement shall mean the last of the following dates: (a) the date thirty (30) days after the entry of the Final Approval Order, if there are no appeals or motions for reconsideration; or (b) if there is an appeal or motion for reconsideration in regard to the Final Approval Order, the day after all appeals and motions for reconsideration are finally resolved in favor of complete and final approval of this Agreement.

**1.15    Fairness Hearing**.  "Fairness Hearing" means the hearing before the Court relating to the Parties' motion seeking a Final Approval Order.  The Fairness Hearing shall be held at the Court's convenience and shall be scheduled at the earliest practicable date of the Court's choosing that is not less than forty-five (45) days after the Claim Form Deadline.

**1.16    Final Approval Order**.  "Final Approval Order" means the Order entered by the Court after the Fairness Hearing, approving the terms and conditions of this Agreement.

**1.17    Final Payable Amount**.  "Final Payable Amount" refers to the sum total of the Attorneys' Fees awarded under paragraph 3.2, Service Awards awarded under paragraph 3.3, and the sums of all Claimants' Individual Settlement Amounts under paragraph 3.4(B)(2). Under no circumstances shall the Final Payable Amount exceed the amount of the Settlement Common Fund.

**1.18    FLSA Class.**  FLSA Class" shall be defined as all Class Members who work or worked at Marinara Pizza or Saba's Pizza restaurants during the Relevant Statutory Period and who have either signed this Agreement or who meet the definition of Claimant in this Agreement.

**1.19    Individual Settlement Amount**.  "Individual Settlement Amount" shall mean each Claimant's share of the Net Settlement Fund, as calculated pursuant to Section 3.4 of this Agreement.

**1.20    Letter**.  "Letter" refers to the cover-letter that will be mailed to Class Members which includes the Notice, Claim Form and IRS Form as enclosures.  Subject to Court approval, the form of the letter will be the proposed template attached hereto as the first page of "Exhibit A."

**1.21    Litigation or Action**.  "Litigation" or "Action" means the above-captioned case.

**1.22    Named Plaintiffs**.  "Named Plaintiffs" means Esteban Flores Barreto Pelon, Enrique J. Balderas, Francisco Flores Barreto, Edgar Eduardo Monterroso Lopez, Dagoberto Flores Barreto, Hector Pliego Mastache, Hilario Barreto Garcia (a.k.a. Willy), Jose Manuel Barreto Cortez, Juan Zeferino, Jose Victor Garcia Castelan (a/k/a Victor Garcia), Sergio Garcia Castelan, Baltazar De Los Santos Hernandez, Eduardo De Jesus Noriega, Fabian De Jesus Gregorio, Honorio Candia Librado, Juan Carlos Cardenas, Marcelino Cruz,

Melvin Ramirez, Milan Flores Heladio, Raul Villegas Peralta, Antonio Lopez, Juan Pablo Barreto Anzures, Octavio Peralta Marcelo, Wilmer Baten, Sixto Vicente, Elicias Lorenzo Mejia Sapon, Jilmar Ramirez  (a/k/a Jose Perez), Rafael Valencia Ortega, and Juan Jose Cruz Garcia**.**

1.23    **Net Settlement Fund**.  "Net Settlement Fund" means the remainder of the Qualified Settlement Fund (as defined below in Section 1.32) after deductions for: (1) Court-approved attorneys' fees for Class Counsel; and (2) Court-approved Service Awards to the Named Plaintiffs, all of whom are designated as Class Representatives.

1.24    **NYLL Class**.  NYLL Class" shall be defined as all Class Members who work or worked at Marinara Pizza or Saba's Pizza restaurants during the Relevant Statutory Period and who meet the definition of Participating Class Members in this Agreement.

1.25    **Notice or Notices**.  "Notice" means the Court-approved Notice of Proposed Settlement of Class Action and Fairness Hearing.  Subject to Court approval, the forms of the Notice will be the proposed templates attached hereto as "Exhibits A and B" (in English and Spanish).

1.26    **Objector**.   "Objector" means a Class Member who timely files an objection to this Agreement, and does not include any Class Member who opts-out of this Agreement.

1.27    **Opt-out Statement**.  "Opt-out Statement" is a written statement signed by a Class Member who has decided to timely opt-out and not be included in this Agreement.

1.28    **Participating Class Members**.   "Participating Class Members" are all Class Members who do not submit a valid and timely Opt-out Statement in accordance with Section 2.6.

1.29    **Parties**.   "Parties" means, the Named Plaintiffs, Defendants, and, at times the putative Class Members.

1.30    **Plaintiffs.**  "Plaintiffs" means the Named Plaintiffs and, at times, Class Members.

1.31    **Preliminary Approval Order**.  "Preliminary Approval Order" means the Order entered by the Court preliminarily approving the terms and conditions of this Agreement as stated herein.

1.32    **Qualified Settlement Fund** or **QSF**.  "Qualified Settlement Fund" or "QSF" means the FDIC insured account established by the Settlement Claims Administrator into which the Defendants shall pay the Final Payable Amount as per Section 3.1.  The QSF will be controlled by the Settlement Claims Administrator subject to the terms of this Agreement and the Court's Preliminary Approval Order and Final Approval Order.

1.33    **Released Claims**.  "Released Claims" means any claims released by Class Members and the Named Plaintiffs, pursuant to Section 4 of this Agreement.

1.34    **Releasees.** "Releasees" shall mean Defendants and each of their respective present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, members, managers, co-joint ventures, employees, fiduciaries,

trustees, employee benefit plan administrators, agents, attorneys, insurers, predecessors, successors and assigns, any merged entity or merged entities, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them.

1.35    **Relevant Statutory Period**.  The "Relevant Statutory Period" refers to the period from January 17, 2013 to the date of the Preliminary Approval Order.

1.36    **Settlement Checks**.  "Settlement Checks" means the set of checks issued from the Net Settlement Fund to Claimants and represents their share of the Net Settlement Fund calculated in accordance with this Agreement.

1.37    **Settlement Common Fund**.  "Settlement Common Fund" means an amount of up to Eighty Six Thousand Eight Hundred Thirty Two Dollars and Zero Cents ($86,832.00), which is the maximum amount Defendants will pay to settle the Named Plaintiffs' remaining non-FLSA claims, as well as all other Class Members' FLSA and NYLL claims in this Litigation, following court approval of the aforementioned separate FLSA agreement entered into by the Named Plaintiffs and Defendants, exclusive of payments made to cover the Corporate Defendants' share of payroll taxes as an employer, if any, and the Settlement Claims Administrator's fees and costs which are to be borne equally by Defendants and Class Counsel.

## 2.   INITIAL PROCEDURAL ISSUES

2.1    **Binding Agreement**.  This Agreement is a legally binding agreement and contains all material agreed-upon terms for the Parties as to the claims subject to this Agreement.

2.2    **Preliminary Approval Motion.**

(A)    By July 13, 2022, the Named Plaintiffs' and Defendants' will have executed this Agreement, and Class Counsel, jointly with Defendants' Counsel, will file a Motion for Preliminary Settlement Approval ("Preliminary Approval Motion") with the Court that is consistent with this Agreement.  With the Preliminary Approval Motion, Class Counsel and Defendants' Counsel will submit this Agreement and the attached Exhibits to the Court.  Pursuant to the Preliminary Approval Motion, after the Court approves the Named Plaintiffs and Defendants' Settlement Agreement with respect to the Named Plaintiffs' FLSA claims, which was filed with the Court on June 3, 2022, the Named Plaintiffs and Defendants respectfully request the Court to issue an Order: (a) approving the Notice and Claim Form; (b) scheduling a fairness hearing; (c) directing the mailing of the Notice, Claim Form and IRS Form to Class Members, and providing the Class Members an opportunity to object, timely file a Claim Form and IRS Form, or request to "Opt-out" from the settlement; (d) preliminarily approving this Agreement as fair, adequate, and reasonable, subject only to the objections of Class Members and Final Approval by the Court; (e) conditionally certifying the class under Fed. R Civ. P.  23 and as a FLSA collective action for the purposes of

settlement and this Agreement only; (f) appointing a Settlement Administrator to administer the settlement; and (g) appointing the Named Plaintiffs' Counsel as Class Counsel of the collective and class.  The deadline for Class members to mail the Claim Form, opt-out, and/or provide objections shall be the date sixty (60) days from the mailing of the Notice, Claim Form and IRS Form to the Class Members (the "Claim Form Deadline").  Further, those Class Members who have timely completed and submitted a valid Claim Form by the Claim Form Deadline must also mail a valid, completed, and signed IRS Form to the Settlement Claims Administrator within 300 days after the Claim Form Deadline in order to receive their Individual Settlement Amount.  The Motion will also seek a deadline for a Fairness Hearing for Final Approval of this Agreement before the Court at the earliest practicable date of the Court's choosing but no earlier than forty-five (45) days after the Claim Form Deadline.

(B)     In the event the Court denies the Motion for Final Approval, the Parties jointly agree to seek reconsideration or appellate review of the ruling and shall renegotiate the terms of the settlement and enter into a new settlement agreement, addressing the issues raised by the Court.  If reconsideration and/or appellate review is denied with finality, or mutually agreed-upon revised class and collective settlement is not approved with finality, , the Litigation will not be conditionally certified as a class or collective action.

(C)     The Parties will work together, diligently and in good faith, to expeditiously obtain a Preliminary Approval Order, Final Approval Order, and Final Judgment of Dismissal.

**2.3     Retention and Responsibilities of the Settlement Claims Administrator.**

(A)     Within five (5) days after the Court preliminarily approves this Agreement, the Parties shall engage a Settlement Claims Administrator. The Settlement Claims Administrator's fees and costs will be paid for as follows: half of the fees and costs will be paid for by Defendants directly, separate and apart from the QSF, and the other half of the fees and costs will be paid for by Class Counsel directly. The Parties have already conferred with Rust Consulting and expect to retain it for purposes of administering the QSF.

(B)     The Settlement Claims Administrator will be responsible for:

(1)     opening and maintaining an FDIC insured account to deposit the payments set forth in Section 3 of this Agreement;

(2)     preparing, printing and disseminating to Class Members the Notice, Claim Form and IRS Form;

(3)     copying counsel for all Parties on material correspondence and promptly notifying all counsel for the Parties of any material requests or communications made by any Class Member;

(4)     receiving, reviewing, and responding to any Opt-Out Statements, Objections or any other inquiries submitted by Class Members;

(5)     furnishing to counsel for the Parties copies of any Opt-Out Statements, objections or other written or electronic communications from Class Members which the Claims Administrator receives;

(6)     keeping track of Opt-Out Statements, including maintaining the original mailing envelope in which the statement was mailed;

(7)     keeping track of returned Notices;

(8)     keeping track of returned Claim Forms and IRS Forms, including the mailing envelope in which such Forms were mailed by the Claimants;

(9)     calculating distribution amounts to Class Members in accordance with this Agreement;

(10)    preparing and mailing the Settlement Checks, checks for Service Awards, to the Named Plaintiffs, and a check for Class Counsel's Attorneys' fees and costs, along with the related 1099 tax reporting Form to the Named Plaintiffs, Claimants, Class Counsel, and any other party, entity, or individual for whom receipt of such documents is necessary or required. The Claims Administrator shall remit the foregoing checks 314 days after the Claim Form Deadline. The date set forth on the check shall be the same date that the Claims Administrator remits the check.;

(11)    calculating any employer-side payroll taxes required pursuant to this Agreement, and providing such information to Defendants' Counsel so that all payments required by Defendants pursuant to the terms of this Agreement can be made in a timely manner;

(12)    timely responding to inquiries from Class Members, Class Counsel, or Defendants' Counsel consistent with the Claims Administrator's duties specified herein;

(13)    referring to Class Counsel all inquiries by Class Members regarding matters not within the Claims Administrator's duties specified herein;

(14)    promptly apprising Class Counsel and Defendants' Counsel of the activities of the Claims Administrator and maintaining adequate records of its activities, including the dates of the mailing of Notice(s) and other communications and attempted written or electronic communications with the Class Members;

(15)    distributing Court-approved Service Awards to Class Representatives in accordance with this Agreement and the Court's Final Approval Order;

(16)  providing copies of the Settlement Checks and the endorsement of same to Class Counsel and Defendants' Counsel upon request;

(17)  providing a final report, deliverable to Class Counsel and Defendants' Counsel, detailing the results of the class mailings and participation;

(18)  providing Class Counsel and Defendants' Counsel with any necessary documents regarding the claims administration process that Class Counsel and Defendants' Counsel may need in order to file a Motion for Final Approval of this Agreement;

(19)  such other tasks upon which the Parties mutually agree; and

(20)  distributing notices pursuant to, and otherwise timely complying with the requirements of, the Class Action Fairness Act ("CAFA").

(C)  The Parties will have equal access to the Settlement Claims Administrator, and the Settlement Claims Administrator will provide regular reports to the Parties regarding the status of the mailing of the Notice, Claim Form and IRS Form to Class Members, the claims administration process, the identity and number of Class Members who object and/or opt-out of this Agreement, the distribution and redemption of the Settlement Checks, and any other aspect of the claims administration process.

(D)  In addition, no later than fifteen (15) days prior to the Fairness Hearing, the Settlement Claims Administrator shall certify jointly to Class Counsel and Defendants' Counsel (a) a list of all Class Members who filed a timely objection, (b) a list of all Class Members who requested to Opt-out of the settlement at any time during the Opt-out Period, and (c) a list of all Class Members who timely filed a Claim Form (including those who also filed an IRS Form as of such time).

2.4  The Parties agree to reasonably cooperate with the Settlement Claims Administrator, provide accurate information, to the extent reasonably available, necessary to calculate the Settlement Checks, and reasonably assist the Settlement Claims Administrator in locating Class Members.

**2.5  Notice to Class Members**

(A)  Within thirty (30) calendar days of the date the Court has issued an order granting the Parties' Motion for Preliminary Approval of this Agreement, Defendants' Counsel will provide the Claims Administrator and Class Counsel with a list, in Microsoft Excel format, of each Class Member's (1) name, (2) last known address, and (3) hours worked by each Class Member between January 17, 2013 and the date this Agreement is preliminarily approved by the Court (the "Class List"). The Class List is to be used by counsel for both Parties and the Settlement Claims Administrator to effectuate settlement only, and may not be used for any other purpose whatsoever.

(B)     Within the later of (a) fourteen (14) calendar days after receiving the Class List, the Claims Administrator shall distribute the Letter, Notice, IRS Form and Claim Forms via First Class United States mail, postage prepaid, to each Class Member.

(C)     The Letter, Notice and Claim Form shall inform all Class Members of their rights under this Agreement and the Claim Form shall also inform Class Members of their estimated Individual Settlement Amount. Should the Class List not contain a Class Member's current address, the Claims Administrator shall take all reasonable steps to obtain the correct address of any such Class Members for whom the notice is returned by the post office as undeliverable. Defendants' Counsel and Class Counsel have the right to make inquiries and receive any information from the Claims Administrator related to the claims administration process.

(D)     If any Letters, Notices, IRS Form or Claim Form are returned as undeliverable, the Claims Administrator shall forward them to any forwarding addresses, if any, provided by the U.S. Postal Service.

(E)     Each Class Member must submit his/her completed Claim Form to the Settlement Claims Administrator no later than the Claim Form Deadline, and also must submit his/her completed and valid IRS Form to the Settlement Claims Administrator no later than 300 calendar days after the Claim Form deadline in order to receive his or her Individual Settlement Amount and Service Award.  The postmark date on the envelope(s) containing the Claim Form and/or IRS Form that are mailed by the Class Member to the Settlement Claims Administrator shall be deemed the exclusive means for determining whether a Class Member timely submitted his/her Claim Form and/or IRS Form.  If a Class Member fails to provide the Settlement Claims Administrator with a completed Claim Form by the Claim Form Deadline, he/she will not be entitled to receive his/her Individual Settlement Amount or Service Award irrespective of whether he/she provides the Settlement Claims Administrator with a completed Claim Form or completed and valid IRS Form at any point thereafter.

(F)     Only those Class Members who timely complete and return a signed Claim Form and IRS Form as set forth herein will be deemed Claimants.  The Named Plaintiffs who sign this Agreement will be deemed Claimants even if they do not submit a Claim Form, but still must provide the Settlement Claims Administrator a completed and valid IRS Form no later than 300 calendar days after the Claim Form Deadline in order to receive their Individual Settlement Amount and Service Award. The Named Plaintiffs who fail to sign this Agreement will be deemed Class Members and receive notice of the Action like all other Class Members contained in the Class List.

(G)     Any money unclaimed from the QSF one hundred thirty five (135) days after the last check is issued by the Claims Administrator, i.e., monies unclaimed by Class Members, Named Plaintiffs and/or Class Counsel with respect to their respective Individual Settlement Amounts, Service Awards, and/or Attorneys' Fees and Costs,

will either remain with Defendants, or, if the money has already been transferred to the QSF, revert back to Defendants.

(H)     Defendants will instruct managers at the Defendant Restaurants who have contact with Class Members who are current food service workers of Defendants to not discourage Class Members from participating in this settlement and to instruct Class Members who may have questions about the settlement to review the Court-approved Notice.

## 2.6     Class Member Opt-outs.

(A)     Class Members who choose to opt-out of the settlement as set forth in this Agreement must mail, via First Class United States Mail, postage prepaid, a written, signed statement to the Settlement Claims Administrator that states he or she is opting out of the settlement, and include his or her name, job title, and address, and state: "I elect to exclude myself from the class settlement in Pelon, et al v. Gabi Operating Corp., et al, Case No.: 19-cv-00502 (RWL)" ("Opt-out Statement").  To be effective, such Opt-Out Statements must be postmarked by the Claim Form Deadline.

(B)     The end of the time period to opt-out of the settlement ("Opt-Out Period") shall be the Claim Form Deadline.  The Claim Form Deadline will be the date that is sixty (60) days from the mailing of the Letter, Notice, Claim Form, and IRS Form to the Class Members.

(C)     The Settlement Claims Administrator will stamp the date received on the original of each Opt-out Statement that it receives, if any, and shall serve copies of each Opt-out Statement on Class Counsel and Defendants' Counsel not later than three (3) days after receipt thereof.   The Settlement Claims Administrator will also, within three (3) days of the end of the Opt-out Period, send a final list of all Opt-out Statements it received to Class Counsel and Defendants' Counsel by e-mail. The Settlement Claims Administrator will retain the stamped originals of all Opt-out Statements and the originals of all envelopes accompanying Opt-out Statements in its files until such time as the Settlement Claims Administrator is relieved of its duties and responsibilities under this Agreement.

(D)     If more than 10% of Class Members choose to exclude themselves in writing from participating in the class settlement Agreement by timely filing an Opt-out Statement described under this Agreement, then Defendants shall have the option, to be exercised within fourteen (14) calendar days following the date on which the Settlement Claims Administrator notifies the parties of the Class Members that have timely opted-out of this Agreement by the Claim Form Deadline, of revoking this Agreement in its entirety as if no collective and class certification and settlement has been attempted. In that event, the Settlement Claims Administrator is required to distribute the full amount of the Settlement Common Fund back to Defendants and any Class Administration Fees and costs that were paid for but not incurred or used through that time back to Defendants and Class

Counsel in equal amounts within five (5) days of Defendants' exercise of this option.  The Parties thereafter shall have no further rights or obligations under this Agreement.

(E)     Any Class Member who does not submit an Opt-Out Statement pursuant to this Agreement will be deemed to have accepted the settlement and the terms of this Agreement, will be bound by the Final Approval Order and Judgment in this case, and have any applicable claims released and dismissed with prejudice as stated in Section 4.

## 2.7     Objections to Settlement.

(A)     Class Members who wish to present objections to this Agreement at the Fairness Hearing must first do so in writing.  To be considered, such objections must be submitted to the Claims Administrator by the Claim Form Deadline.  The statement must include all reasons for the objection, and any reasons not included in the statement will not be considered.  The statement must also include the name and job title for the Class Member making the objection.  The Settlement Claims Administrator will stamp the date received on the original and send copies of each objection to Class Counsel and Defendants' Counsel by e-mail no later than three (3) days after receipt thereof.  The Settlement Claims Administrator will also file with the Court the date-stamped originals of any and all objections within three (3) days after the end of the Opt-out Period.

(B)     An individual who files objections to this Agreement ("Objector") also has the right to appear at the Fairness Hearing in person and must do so in person in order for their objection to be heard by the Court.  An Objector who wishes to appear at the Fairness Hearing must state his or her intention to do so in writing on his or her written objections at the time he or she submits his or her written objections.  An Objector may withdraw his or her objections at any time.  No Objector may present an objection at the Fairness Hearing based on a reason not stated in his or her written objection.  A Class Member who has submitted an Opt-out Statement may not submit objections to this Agreement.

(C)     The parties may file with the Court written responses to any filed objections no later than three (3) days before the Fairness Hearing.

## 2.8     Fairness Hearing, Motion for Final Approval and Entry of Judgment.

(A)     No later than seven (7) days before the Fairness Hearing, Plaintiffs will submit a Motion for Judgment and Final Approval.  The Fairness Hearing shall be held at the Court's convenience but no earlier than forty-five (45) days after the Claim Form Deadline.

(B)     At the Fairness Hearing and in the Motion for Final Approval and Dismissal, the Parties will request that the Court, among other things: (1) certify the NYLL Class and FLSA Class for purposes of settlement; (2) approve the within settlement and Agreement as fair, reasonable, adequate, and binding on all Class Members who

have not timely opted-out of the settlement; (3) order the Settlement Claims Administrator to distribute Settlement Checks to Class Members who are eligible to receive them as per the terms of this Agreement; (4) order that Service Awards approved by the Court be paid to the Named Plaintiffs from the QSF; (5) order that Court-approved attorneys' fees and costs be paid to Class Counsel from the QSF; (6) enter an order permanently enjoining all Named Plaintiffs and Class Members from pursuing and/or seeking to reopen claims that have been released by this Agreement by incorporating the terms of this Agreement, (7) order the dismissal with prejudice against all Defendants of all of the Named Plaintiffs' remaining non-FLSA claims asserted in the Litigation for all Named Plaintiffs who signed this Agreement, and for the FLSA and NYLL claims asserted in the Litigation by all other Class Members who did not opt-out, in accordance with this Agreement; (8) order entry of Final Judgment of Dismissal of all claims subject to this Agreement; (9) order the Court-approved Claims Administrator's fees and costs to be paid to the Claims Administrator by the Defendants and by Class Counsel directly as required under this Agreement , and subject to prior approval by Class Counsel and Defendants' Counsel, based upon reasonable time, costs, and expenses actually incurred; and (10) retain jurisdiction as necessary for the purpose of enforcing, interpreting, and implementing this Agreement and of the settlement contemplated thereby

**2.9**     **Effect of Failure to Grant Final Approval.**  In the event the Court denies the Motion for Final Approval, the Parties jointly agree to seek reconsideration or appellate review of the ruling and shall renegotiate the terms of the settlement and enter into a new settlement agreement, addressing the issues raised by the Court.  If reconsideration and/or appellate review is denied with finality, or mutually agreed-upon revised class and collective settlement is not approved with finality, any class and/or collective conditionally certified for purposes of settlement shall be automatically decertified, Defendants may contest whether this Litigation should be maintained as a class action or collective action and contest the merits of the claims asserted by any Class Member or Named Plaintiff in this Action moving forward**,** Defendants will not have any payment obligations to any Class Members or Named Plaintiffs regardless if they are Claimants or signed this Agreement, the releases of claims set forth in Section 4 of this Agreement shall not be enforceable the Action will resume as if no collective and class settlement had been attempted, and the Parties shall have no obligations to one another, unless otherwise provided for in this Agreement in sections 2.9, 4.1(B), 4.5(d) and 5.1.  Further, if the Court fails to enter a Final Approval Order, any amounts paid by the Parties to the Settlement Claims Administrator for fees not incurred and for costs not used shall be returned to Defendants and Class Counsel in equal amounts within fifteen (15) days after the Court files an opinion or order rejecting or otherwise not approving the within Agreement and of the settlement contemplated thereby with finality.

# 3.  SETTLEMENT TERMS

**3.1**     **Settlement Common Fund.**

(A) Defendants agree to fund the QSF in the amount of Eighty Six Thousand Eight Hundred Thirty Two Dollars and Zero Cents ($86,832.00), which shall fully resolve and satisfy any claim for attorneys' fees approved by the Court (other than the attorneys' fees and costs that are subject to the separate FLSA Agreement entered into by the Named Plaintiffs and Defendants), all amounts to be paid to the Named Plaintiffs regarding their remaining non-FLSA claims and to all other Class Members' regarding their FLSA and NYLL claims in the Litigation, and Service Awards to Named Plaintiffs, as referenced herein. Other than any applicable employer-side payroll taxes typically borne by the employer, and Defendants' fifty percent (50%) share of the Claims Administrator's Fees and Costs, no Defendants will be required to pay more than Eighty Six Thousand Eight Hundred Thirty Two Dollars and Zero Cents ($86,832.00) under the terms of this Agreement.

(B) Defendants shall fully fund the Qualified Settlement Fund at their election but no later than the date that is 300 days from the Claim Form Deadline.

**3.2    Settlement Amounts Payable as Attorneys' Fees and Costs.**

(A) Prior to the Fairness Hearing, Class Counsel shall petition the Court for an award of reasonable attorneys' fees and costs.  Defendants will not oppose such application.  Class Counsel shall petition the Court for Twenty Five Thousand Six Hundred and Thirty Nine Dollars ($25,639.00) of the Settlement Common Fund as an award of attorneys' fees and costs, which shall be paid from the QSF.  This amount represents approximately 29.5% of the maximum settlement amount of $86,832.00. Defendants shall have no additional liability for attorneys' fees and costs other than the attorneys' fees and costs that are subject to the separate FLSA Agreement entered into by the Named Plaintiffs and Defendants.

(B) The substance of Class Counsel's application for attorneys' fees is not part of this Agreement and is to be considered separately from the Court's consideration of the fairness, reasonableness, adequacy, and good faith of this Agreement.  The outcome of any proceeding related to Class Counsel's application for attorneys' fees shall not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Judgment and Final Approval.  Any reduction by the Court of Class Counsel's application for attorneys' fees shall become part of the Net Settlement Fund.

(C) Class Counsel will have one hundred twenty (120) calendar days after their check date for Attorneys' Fees and Costs to redeem those funds.  If Class Counsel does not redeem its check for Attorneys' Fees and Costs within the one hundred twenty (120) day period, that check will be void and a stop-payment will be placed.  In such event, the Claims Administrator shall remit any such  uncashed check amount for Attorneys' Fees and Costs to the Defendants, and such monies will revert back to the Defendants as soon as is practicable.

**3.3    Service Awards to Certain Named Plaintiffs.**

(A)   In return for services rendered to the Class Members, prior to the Fairness Hearing, the Named Plaintiffs will apply to the Court to receive the following amounts from the QSF as Service Awards in consideration for signing this Agreement. Defendants will not oppose such request.

| Plaintiff | Service Award |
|---|---|
| Esteban Flores Barreto Pelon | $170.00 |
| Enrique J. Balderas | $33.00 |
| Francisco Flores Barreto | $130.00 |
| Edgar Eduardo Monterroso Lopez | $8.00 |
| Dagoberto Flores Barreto | $100.00 |
| Hector Pilego Mastache | $75.00 |
| Hilario Barreto Garcia (a.k.a Willy) | $140.00 |
| Jose Manuel Barreto Cortez | $23.00 |
| Juan Zeferino | $20.00 |
| Jose Victor Garcia Castelan (a/k/a Victor Garcia) | $36.00 |
| Sergio Garcia Castelan | $34.00 |
| Baltazar De Los Santos Hernandez | $12.00 |
| Eduardo De Jesus Noriega | $10.00 |
| Fabian De Jesus Gregorio | $50.00 |
| Honorio Candia Librado | $5.00 |
| Juan Carlos Cardenas | $11.00 |

| | |
|---|---|
| Marcelino Cruz | $14.00 |
| Melvin Ramirez | $29.00 |
| Heladio Milan Flores | $6.00 |
| Raul Villegas Peralta | $10.00 |
| Antonio Lopez | $16.00 |
| Juan Pablo Barreto Anzures | $83.00 |
| Octavio Peralta Marcelo | $29.00 |
| Wilmer Baten | $12.00 |
| Sixto Vicente | $50.00 |
| Elicias Lorenzo Mejia Sapon | $16.00 |
| Jilmar Ramirez (a/k/a Jose Perez) | $3.00 |
| Rafael Valencia Ortega | $25.00 |
| Juan Jose Cruz Garcia | $43.00 |

(B)     The outcome of the Court's ruling on the application for the Service Awards will not terminate this Agreement or otherwise affect the Court's ruling on the Motion for Final Approval or for Final Judgment and Dismissal.  Should all or part of any Service Award sought not be approved by the Court, the amount not approved shall become part of the Net Settlement Fund, and this Agreement and all Releases contained herein shall remain in full force and effect.

(C)     In consideration for receipt of their Service Award, which shall be taken from the QSF, as stated herein or decided by the Court, the Named Plaintiffs, who are all serving as Class Representatives, agree to the Release set forth in Section 4.3. Any reduction by the Court of a Named Plaintiff's Service Award shall not affect the Defendants' obligation to pay to that Named Plaintiff his Individual Settlement Amount.

(D)     Named Plaintiffs will have one hundred twenty (120) calendar days after their check date to redeem their Service Award.  If a Named Plaintiff does not redeem

his or her Service Award check within the one hundred twenty (120) day period, that check will be void and a stop-payment will be placed.  In such event, the Claims Administrator shall remit any such Named Plaintiff's uncashed check amount to the Defendants, and such monies will revert back to the Defendants as soon as is practicable.

**3.4**     **Net Settlement Fund and Distribution to Class Members.**

(A)     The allocation to Claimants for Settlement Checks will be made from the Net Settlement Fund.

(B)     A Claimant's proportionate share of the Net Settlement Fund will be determined pursuant to the following terms:

(1)     The Net Settlement Fund shall be distributed among Claimants who worked at one or more of the seven (7) Defendant Restaurant locations during the Relevant Statutory Period.

(2)     The Claims Administrator shall distribute the Net Settlement Fund to Claimants on a pro rata basis, which includes the Named Plaintiffs who have signed this Agreement, 314 days after the Claim Form Deadline.  These Claimants'' pro rata share shall be allocated according to the following formula: (1) calculate the total number of hours each Claimant worked from January 17, 2013 to the date the motion for Preliminary Approval is submitted to the Court; (2) divide each Claimant's total hours worked in that same time period by the total number of hours worked by all of such Claimants from January 17, 2013 to the date the motion for Preliminary Approval is submitted to the Court to derive a percentage; and (3) each of such Claimant's Individual Settlement Amount will equal their respective percentage of the Net Settlement Fund. The date set forth on the check shall be the same date that the Claims Administrator remits the check.

(3)     Notwithstanding the formula agreed upon by the Parties as set forth in subparagraph (2) above, no Claimant will be awarded a payment that is less than the Alternative Minimum Benefit, which equals Twenty Five Dollars ($25.00). In the event that any Claimant's award must be increased to the Alternative Minimum Benefit the difference shall be borne proportionately by other Claimants.

(C)     The Claims Administrator shall comply with tax reporting obligations as described in Section 3.5 using the IRS Form submitted by a Claimant.

(D)     Only those Class Members that have submitted a timely completed and signed Claim Form by the Claim Form Deadline or Named Plaintiffs who have signed this Agreement by July 13, 2022, and who have submitted a completed and valid IRS Form within 300 days after the Claim Form Deadline, will be able to participate as

Claimants and receive a portion of the Net Settlement Fund, in accordance with the terms of this Agreement.

(E)     The Claims Administrator shall mail to all Claimants their share of the Net Settlement Fund 314 days after the Claim Form Deadline.  Participating Class Members who do not return a timely completed and signed Claim Form and valid IRS Form by the deadlines stated in this Agreement will not receive any distribution from the Net Settlement Fund. The date set forth on the check shall be the same date that the Claims Administrator remits the check.

(G)     Claimants will have one hundred twenty (120) calendar days after their check date to redeem those funds.  If a Claimant does not redeem his or her settlement payment check within the one hundred twenty (120) day period, that settlement check will be void and a stop-payment will be placed.  In such event, the Claims Administrator shall remit any such Claimant's uncashed check amount to the Defendants, and such monies will revert back to the Defendants as soon as is practicable.

## 3.5    Tax Characterization.

(A)     For tax purposes, the payments to Claimants pursuant to Section 3.4 shall be allocated as full payment for their respective claims and the release contained in Section 4.2 of this Agreement, subject to 1099 reporting.

(B)     Payments pursuant to Section 3.5(A) shall be reported to the Internal Revenue Service ("IRS") and the payee under the payee's name and social security number or Tax Identification number as provided to the Claims Administrator on the Claimant's IRS Form. Payments of attorneys' fees pursuant to Section 3.2 shall be made without withholding. Class Counsel will receive from the Claims Administrator an IRS Form 1099 for payment of attorneys' fees and costs, and Claimants (including Named Plaintiffs who sign this Agreement) shall receive from the Claims Administrator a Form 1099 with respect to their Individual Settlement Amount. The Named Plaintiffs shall receive an IRS Form 1099 from the Claims Administrator with respect to the Service Award payments pursuant to Section 3.3 and shall be made without withholding and reported to the IRS and the payee under the payee's name and social security number or Tax Identification number as provided on the Claimant's IRS Form. Any payments made to Claimants of the Alternative Minimum Benefit shall be non-wage income (for which a Form 1099 will be issued to such Claimants by the Claims Administrator). The Claims Administrator shall not be obligated to pay any Class Member any monies from the QSF who does not submit a signed and valid Claim Form and IRS Form by the deadlines set forth in this Agreement; however, any Named Plaintiff who signs this Agreement need not submit a Claim Form to the Claims Administrator, but will still be required to provide the IRS Form.

(C)     Each individual Claimant will be solely responsible for all taxes, interest and penalties due with respect to any payment received pursuant to this Agreement, other than taxes due that are traditionally borne by the company.  The Named

Plaintiffs, on behalf of the Class Members, acknowledge and agree that they have not relied upon any advice from Defendants as to the taxability of the payments received pursuant to this Agreement.

## 4.   RELEASE OF CLASS CLAIMS

### 4.1   Release of State Claims.

(A)   Upon the Order Granting Final Approval, and except as to such claims as may be created by this Agreement, all Class Members who have not opted out of this Settlement, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, members, managers, co-joint ventures, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"),  from any and all wage and hour claims against Defendants and Releasees that have been brought or could have been brought under the New York Labor Law or the regulations thereunder, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries, the New York Minimum Wage Act, and the New York Wage Theft Prevention Act, and the regulations under such statutes, laws, and wage orders, for work performed at or on behalf of Defendants' Restaurants, whether known or unknown, including but not limited to any such claims for unpaid wages, overtime, tips, gratuities, service charges, administrative or other mandatory charges, payment for all hours worked, improper tax withholding, failure to maintain and furnish food service workers with proper wage notices and/or wage statements, claims to recover the tip credit, spread-of-hours payments, call-in payments, meal credit claims, uniform maintenance fees, tools of the trade damages,  meal break claims, improper taking of the tip credit, liquidated damages, statutory penalties, and attorneys' fees and costs related to such claims, through the date that the Court issues an Order granting final approval of this Agreement.

(B)   Upon each Named Plaintiff's execution of this Agreement and on the condition Defendants remit their Individual Settlement Amount to them in accordance with this Section 4.1(B), and except as to such claims as may be created by this Agreement, each Named Plaintiff, on his or her behalf and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully release and discharge Defendants and Releasees from any and all wage and hour claims against Defendants and Releasees that have been brought or could have been brought under the New York Labor Law or the regulations thereunder, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries, the New York Minimum Wage Act, and the New York Wage Theft Prevention Act, and the regulations under such statutes, laws, and wage orders, for work performed at or on behalf of

Defendants' Restaurants, whether known or unknown, including but not limited to any such claims for unpaid wages, overtime, tips, gratuities, service charges, administrative or other mandatory charges, payment for all hours worked, improper tax withholding, failure to maintain and furnish food service workers with proper wage notices and/or wage statements, claims to recover the tip credit, spread-of-hours payments, call-in payments, meal credit claims, uniform maintenance fees, tools of the trade damages,  meal break claims, improper taking of the tip credit, liquidated damages, statutory penalties, and attorneys' fees and costs related to such claims, through the date each Named Plaintiff executes this Agreement. For the avoidance of doubt, should the Court fail to grant Final Approval of this Agreement with finality, Defendants must still pay each Named Plaintiff who has signed this Agreement his Individual Settlement Amount within 120 days from the date the Court issues such an Order with finality, but not the Service Award designated for him herein, which shall serve as sufficient consideration for the release as stated in this Section 4.1, only.

**4.2.**    **Release of Claims for FLSA Class Members.**  Each FLSA Class Member who is not a Named Plaintiff and who opts in to this Action by timely submitting to the Settlement Claims Administrator, in accordance with the terms of this Agreement, a timely completed, and signed Claim Form and IRS Form, irrespective of whether they cash the settlement check(s) sent to them, shall, upon the Order Granting Final Approval of this Agreement, and except as to such claims as may be created by this Agreement**,** forever and fully releases Defendants and Releasees from any and all wage and hour claims against Defendants and Releasees that have been brought or could have been brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the regulations thereunder, as well as under the New York Labor Law or the regulations thereunder, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries, the New York Minimum Wage Act, and the New York Wage Theft Prevention Act, and the regulations under such statutes, laws, and wage orders, whether known or unknown, for work performed at or on behalf of Defendants' Restaurants, including but not limited to any such claims for unpaid wages, overtime, tips, gratuities, payment for all hours worked, improper tax withholding, liquidated damages, failure to provide notice of the tip credit, improper taking of a tip credit, and attorneys' fees and costs related to such claims, through the date that the Court issues an Order granting final approval of this Agreement.

**4.3.**    **General Release of Named Plaintiffs' Claims.** In addition to the other waivers and releases contained in this Section 4, each Named Plaintiff, effective upon the issuance of the Final Approval Order, by virtue of signing this Agreement, irrespective of whether he cashes the settlement check(s) sent to him, knowingly and voluntarily, on his behalf and on behalf of his respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants and Releasees from any and all claims arising up to and as of the date each Named Plaintiff executes this Agreement, both known and unknown, which the Named Plaintiffs have or may have against Defendants and Releasees relating to the time they worked at Defendants' Restaurants, including, but is in no way limited to (a) claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (as amended); the Civil Rights Act of

1866, 42 U.S.C. § 1981; the Civil Rights Act of 1991, Pub. Law No. 102-166; the National Labor Relations Act, 29 U.S.C. § 151, et seq.; the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq.; the Genetic Information Nondiscrimination Act of 2008, Pub. Law No. 110-233; the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq.; the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq.; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq.; the Sarbanes-Oxley Act of 2002, 18 U.S.C. §1514A, et seq.; the Dodd-Frank Wall Street Reform and Consumer Protection Act, Pub Law. No. 111-203; the Families First Coronavirus Response Act, PL 116-127; the New York Quarantine Leave Law, 2020 Sess. Law of N.Y. Ch. 25 (S. 8091); the New York State Human Rights Law, New York Executive Law § 290 et seq.; the New York State Civil Rights Law, Civil Rights Law § 40 et seq.; the New York Labor Law §§ 194-198; the New York Whistleblower Law, Labor Law § 740; the New York Paid Family Leave Benefits Law; the New York State Earned Sick Law; the New York City Earned Safe and Sick Time Act; the New York Paid Sick Leave Law; the New York occupational safety and health laws; the New York Labor Law; the New York wage hour and wage-payment laws; the New York Wage Theft Prevention Act; the New York City Human Rights Law, Title 8, Chapter 1 of the Administrative Code of the City of New York; and/or any other federal, state or local statute, law, ordinance, regulation or order, or the common law, or any self-regulatory organization rule or regulation; (b) any claims, whether statutory, common law, or otherwise arising out of the terms or conditions of Named Plaintiff's work performed with Defendant Restaurants or separation thereof; and (c) any claims or rights of action relating to retaliation, breach of contract, breach of an employment agreement, breach of a bonus agreement, breach of a commission agreement, violation of personnel policies or handbooks, public policy, personal or emotional injury, defamation, libel, slander, additional compensation (including but not limited to wages, bonuses, gratuities, severance pay and commissions), or fringe benefits. Named Plaintiffs specifically waive the benefit of any statute or rule of law which, if applied to this Agreement, would otherwise exclude any claims related to work performed for Defendants not now known by Named Plaintiffs to exist.

4.4     **Release of Fees and Costs for Settled Matters.**  Other than the attorneys' fees and costs that are subject to the separate FLSA Agreement entered into by the Named Plaintiffs and Defendants, upon Defendants' payment of Class Counsel's attorneys' fees and costs in accordance with this Agreement, Named Plaintiffs, and on behalf of each individual Class Member and Claimant, hereby irrevocably and unconditionally release, acquit, and forever discharge any claim that they may have against Defendants or Releasees for attorneys' fees or costs associated with Class Counsel's representation of the Claimants, Named Plaintiffs, and the Class Members in this Litigation.  Class Counsel further understands and agrees that any attorneys' fees and costs that are subject to this Agreement and ultimately approved by the Court will be the full, final and complete payment of all attorneys' fees and costs under this Agreement and associated with Class Counsel's representation of the foregoing individuals.

4.5.     **Non-Admission of Liability**.  By entering into this Agreement, Defendants in no way admit any violation of law or any liability whatsoever to Named Plaintiffs and all other Class Members, individually or collectively, with all such liability being expressly denied.

Rather, Defendants enter into this Agreement to avoid the expense of further protracted litigation and to resolve and settle the Named Plaintiffs' remaining non-FLSA claims, as well as all other Class Members' FLSA and NYLL claims in the Litigation. The settlement, negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the settlement: (a) are not, shall not be deemed to be, and may not be used as an admission or evidence of any wrongdoing or liability on the part of Defendants or of the truth of any of the factual allegations in any and all Complaints filed in the Litigation, except that this Agreement may be introduced in a proceeding to approve, interpret, or enforce the Agreement; (b) are not, shall not be deemed to be, and may not be used as an admission or evidence of fault or omission on the part of Defendants in any civil, criminal, administrative or arbitral proceeding except in an enforcement proceeding; (c) shall in no way be deemed to admit that Saba's Pizza and Marinara Pizza are joint employers or can be deemed one single employer; and (d) shall not invalidate the Dispute Resolution Program in place at Saba's Pizza and Marinara Pizza, or invalidate the individual arbitration agreements each Named Plaintiff, Class Member, Claimant, Objector and/or Participating Class Member has executed in connection with their work for Defendants. The Parties understand and agree that this Agreement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the terms of this Agreement.

## 5. INTERPRETATION AND ENFORCEMENT

5.1     **Cooperation Between the Parties; Further Acts.**  The Parties and their respective counsel shall reasonably cooperate with each other and shall use their reasonable best efforts to obtain the Court's approval of this Agreement and all of its terms.  Each party, upon the request of any other party, agrees to perform such further acts and to execute and deliver such other documents as are reasonably necessary to carry out the provisions of this Agreement.

5.2     **No Assignment.**  Named Plaintiffs represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the Litigation or any related action.

5.3     **Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with regard to the subject matter contained herein, and all prior and contemporaneous negotiations and understandings between the Parties shall be superseded by this Agreement, except for: 1) the previous FLSA Settlement Agreement entered into by the Named Plaintiffs and Defendants; and 2) the individual arbitration agreements each Named Plaintiff, Class Member, Claimant, Objector and/or Participating Class Member has executed in connection with their work for Defendants, which remain in effect and which any Class Member who opts-out or is ultimately not part of this class action Settlement Agreement, will still be a party to and agrees to abide by.

5.4     **Binding Effect.**  This Agreement is a binding agreement and contains all material agreed-upon terms, subject to court approval. This Agreement shall be binding in all respects upon, and inure to the benefit of, the respective successors and assigns of the Named Plaintiffs,

Class Members, and Defendants, including their personal representatives, administrators, executors, heirs, and others taking from them; provided, however, that the Named Plaintiffs, Class Members, and Defendants may not delegate or avoid any of their liabilities or obligations under this Agreement

5.5 **Arms' Length Transaction; Materiality of Terms.** The Parties have negotiated all the terms and conditions of this Agreement at arms' length, including participating in two settlement conferences before Magistrate Judge Lehrburger. All terms and conditions of this Agreement in the exact form set forth in this Agreement are material to this Agreement and have been relied upon by the Parties in entering into this Agreement, unless otherwise expressly stated.

5.6 **Captions.** The captions or headings of the Sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

5.7 **Construction.** The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties. Each party participated jointly in the drafting of this Agreement, and therefore the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any party by virtue of draftsmanship.

5.8 **Severability.** If any provision of this Agreement, with the exception of the release terms contained in Section 4, and the payment amount and schedule thereof contained in Section 3.1, is held by a court of competent jurisdiction to be void, voidable, unlawful or unenforceable, the remaining portions of this Agreement will remain in full force and effect, and the Parties will make all reasonable efforts to renegotiate the provisions(s) held void, voidable, unlawful or unenforceable, and enter into a new Agreement on terms similar to those herein so that such provision(s) will be upheld.

5.9 **Governing Law.** This Agreement shall in all respects be interpreted, enforced and governed by and under the laws of the State of New York, without regard to choice of law principles, except to the extent that the law of the United States governs any matter set forth herein, in which case such federal law shall govern.

5.10 **Continuing Jurisdiction.** The Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Agreement as well as any and all matters arising out of, or related to, the interpretation, implementation, and enforcement of this Agreement and of the settlement contemplated thereby.

5.11 **Remedies for Breach.** Should any party breach the terms of this Agreement as determined by this Court, the non-breaching party shall be entitled, in addition to any other legal and equitable remedies which may be available, to recover all costs and attorneys' fees incurred by such non-breaching party in enforcing the terms of this Agreement.

5.12 **Waivers, etc. to Be in Writing.** No waiver, modification or amendment to the terms of this Agreement, whether purportedly made before or after the Court's final approval of this Agreement, shall be valid or binding unless in writing, signed by or on behalf of all Named Plaintiffs and Defendants, and then only to the extent set forth in such written

waiver, modification or amendment, subject to any required Court approval. Any failure by any party to insist upon the strict performance by the other party of any of the provisions of this Agreement shall not be deemed a waiver of future performance of the same provisions or of any of the other provisions of this Agreement, and such party, notwithstanding such failure, shall have the right thereafter to insist upon the specific performance of any and all of the provisions of this Agreement.

5.13     **When Agreement Becomes Enforceable; Counterparts.**  This Agreement shall become enforceable when the Court issues an order granting Final Approval of this Agreement unless otherwise stated in sections 2.9, 4.1(B), 4.5(d) and 5.1.  The Parties may execute this Agreement in counterparts, and execution in counterparts shall have the same force and effect as if all Parties had signed the same instrument.

5.14     **Signatures of Defendants and Named Plaintiffs.**  As of the Effective Date of this Agreement, this Agreement shall be valid and binding as to each Named Plaintiff and Defendant who signs this Agreement.

5.15     **Facsimile and Email Signatures.**  Any signature made and transmitted by facsimile or electronically for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or electronically.

## 6.     MUTUAL NON-DISPARAGEMENT.

The Named Plaintiffs agree that they shall not make or publish any critical, derogatory, disparaging, defamatory or untruthful statement or remarks in any manner about Defendants in any forum or form, whether electronic or otherwise, including, without limitation, by making comments or statements to the press or other media, or to any individual or entity which could adversely affect the conduct of Defendants' business or the reputations or interests of Defendants, as well as any statements or postings made privately or publicly, and whether by electronic, written or oral means, in person, by phone, by voicemail, by text message, by email and by any other electronic means, including on the internet via a blog post or comment, vlog, instant message, video, any online conversation, or on any social networking or social media sites or applications or other internet website (including, but not limited to, Twitter, Facebook, Facebook Messenger, LinkedIn, Snapchat, TikTok, Glassdoor, Youtube, Vimeo, Reddit, Pinterest, Tumblr and/or Instagram), which could adversely affect Defendants' business or the reputations or interests of Defendants. Defendants similarly agree that they shall not make or publish any critical, derogatory, disparaging, defamatory or untruthful statement or remarks in any manner about Named Plaintiffs in any forum or form, whether electronic or otherwise, including, without limitation, by providing negative references on behalf of Named Plaintiffs and by making comments or statements to the press or other media, or to any individual or entity which could adversely affect the reputations or interests of Named Plaintiffs, as well as any statements or postings made privately or publicly, and whether by electronic, written or oral means, in person, by phone, by voicemail, by text message, by email and by any other electronic means, including on the internet via a blog post or comment, vlog, instant message, video, any online conversation, or on any social networking or social media sites or applications or other internet website (including, but not limited to, Twitter, Facebook, Facebook Messenger, LinkedIn, Snapchat, TikTok, Glassdoor, Youtube, Vimeo, Reddit, Pinterest,

Nothing in this Section shall limit the ability of any party to communicate truthfully regarding their experience during the Litigation with respect to the Named Plaintiffs' remaining non-FLSA claims, all other Class Members' FLSA and NYLL claims, and Defendants' defenses to such claims.  Further, nothing in this Section shall restrict any party from responding to, or testifying pursuant to, any subpoena, court order, or other legal mandate from applicable regulatory authorities regarding Named Plaintiffs' remaining non-FLSA claims, all other Class Members' FLSA and NYLL claims and Defendants' defenses to such claims.

**NAMED PLAINTIFFS:**

ESTEBAN FLORES BARRETO PELON

7/14/2022
Date

By: _____
Esteban Flores Barreto Pelon

ENRIQUE J. BALDERAS

_____
Date

By : _____
Enrique J. Balderas

FRANCISCO FLORES BARRETO

7/14/2022
Date

By : _____
Francisco Flores Barreto

EDGAR EDUARDO MONTERROSO LOPEZ

7/19/2022
Date

By : _____
Edgar Eduardo Monterroso Lopez

DAGOBERTO FLORES BARRETO

7/142022
Date

By : _____
Dagoberto Flores Barreto

HECTOR PLIEGO MASTACHE,

_____
Date

By : _____
Hector Pliego Mastache

HILARIO BARRETO GARCIA (A.K.A. WILLY)

Tumblr and/or Instagram), which could adversely affect the reputations or interests of Named Plaintiffs.

Nothing in this Section shall limit the ability of any party to communicate truthfully regarding their experience during the Litigation with respect to the Named Plaintiffs' remaining non-FLSA claims, all other Class Members' FLSA and NYLL claims, and Defendants' defenses to such claims. Further, nothing in this Section shall restrict any party from responding to, or testifying pursuant to, any subpoena, court order, or other legal mandate from applicable regulatory authorities regarding Named Plaintiffs' remaining non-FLSA claims, all other Class Members' FLSA and NYLL claims and Defendants' defenses to such claims.

**NAMED PLAINTIFFS:**

ESTEBAN FLORES BARRETO PELON

_____     By : _____
Date                        Esteban Flores Barreto Pelon

                            ENRIQUE J. BALDERAS

_____7-15-2022_____     By : _____
Date                        Enrique J. Balderas

                            FRANCISCO FLORES BARRETO

_____     By : _____
Date                        Francisco Flores Barreto

                            EDGAR EDUARDO MONTERROSO LOPEZ

_____     By : _____
Date                        Edgar Eduardo Monterroso Lopez

                            DAGOBERTO FLORES BARRETO

_____     By : _____
Date                        Dagoberto Flores Barreto

                            HECTOR PLIEGO MASTACHE,

_____     By : _____
Date                        Hector Pliego Mastache

{01142791.DOCX.1}                    26

Tumblr and/or Instagram), which could adversely affect the reputations or interests of Named Plaintiffs.

Nothing in this Section shall limit the ability of any party to communicate truthfully regarding their experience during the Litigation with respect to the Named Plaintiffs' remaining non-FLSA claims, all other Class Members' FLSA and NYLL claims, and Defendants' defenses to such claims. Further, nothing in this Section shall restrict any party from responding to, or testifying pursuant to, any subpoena, court order, or other legal mandate from applicable regulatory authorities regarding Named Plaintiffs' remaining non-FLSA claims, all other Class Members' FLSA and NYLL claims and Defendants' defenses to such claims.

**NAMED PLAINTIFFS:**

ESTEBAN FLORES BARRETO PELON

_____        By : _____
Date                          Esteban Flores Barreto Pelon

ENRIQUE J. BALDERAS

_____        By : _____
Date                          Enrique J. Balderas

FRANCISCO FLORES BARRETO

_____        By : _____
Date                          Francisco Flores Barreto

EDGAR EDUARDO MONTERROSO LOPEZ

_____        By : _____
Date                          Edgar Eduardo Monterroso Lopez

DAGOBERTO FLORES BARRETO

_____        By : _____
Date                          Dagoberto Flores Barreto

16-07-2022                    HECTOR PLIEGO MASTACHE,

_____        By : _____
Date                          Hector Pliego Mastache

{01142791.DOCX.1}                         26

HILARIO BARRETO GARCIA (A.K.A. WILLY)

07 - 1 8 - 22

By : _____

Date

Hilario Barreto Garcia (a.k.a. Willy)

JOSE MANUEL BARRETO CORTEZ

_____

By : _____

Date

Jose Manuel Barreto Cortez

JUAN ZEFERINO

_____

By : _____

Date

Juan Zeferino

JOSE VICTOR GARCIA CASTELAN
(A/K/A VICTOR GARCIA)

_____

By : _____

Date

Jose Victor Garcia Castelan (a/k/a Victor Garcia)

SERGIO GARCIA CASTELAN

_____

By : _____

Date

Sergio Garcia Castelan

BALTAZAR DE LOS SANTOS HERNANDEZ

_____

By : _____

Date

Baltazar De Los Santos Hernandez

EDUARDO DE JESUS NORIEGA

_____

By : _____

Date

Eduardo De Jesus Noriega

FABIAN DE JESUS GREGORIO

07-17-22

By : _____

Date

Fabian De Jesus Gregorio

HILARIO BARRETO GARCIA (A.K.A. WILLY)

_____   By : _____
Date                                          Hilario Barreto Garcia (a.k.a. Willy)

JOSE MANUEL BARRETO CORTEZ

7-14-2022   By : _____
Date                                          Jose Manuel Barreto Cortez

JUAN ZEFERINO

_____   By : _____
Date                                          Juan Zeferino

JOSE VICTOR GARCIA CASTELAN
(A/K/A VICTOR GARCIA)

_____   By : _____
Date                                          Jose Victor Garcia Castelan (a/k/a Victor Garcia)

SERGIO GARCIA CASTELAN

_____   By : _____
Date                                          Sergio Garcia Castelan

BALTAZAR·DE LOS SANTOS HERNANDEZ

_____   By : _____
Date                                          Baltazar De Los Santos Hernandez

EDUARDO DE JESUS NORIEGA

_____   By : _____
Date                                          Eduardo De Jesus Noriega

FABIAN DE JESUS GREGORIO

_____   By : _____
Date                                          Fabian De Jesus Gregorio

HILARIO BARRETO GARCIA (A.K.A. WILLY)

_____ By : _____
Date        Hilario Barreto Garcia (a.k.a. Willy)

JOSE MANUEL BARRETO CORTEZ

_____ By : _____
Date        Jose Manuel Barreto Cortez

JUAN ZEFERINO

7-15-22
_____ By : _____
Date        Juan Zeferino

JOSE VICTOR GARCIA CASTELAN
(A/K/A VICTOR GARCIA)

_____ By : _____
Date        Jose Victor Garcia Castelan (a/k/a Victor Garcia)

SERGIO GARCIA CASTELAN

_____ By : _____
Date        Sergio Garcia Castelan

BALTAZAR DE LOS SANTOS HERNANDEZ

_____ By : _____
Date        Baltazar De Los Santos Hernandez

EDUARDO DE JESUS NORIEGA

_____ By : _____
Date        Eduardo De Jesus Noriega

FABIAN DE JESUS GREGORIO

_____ By : _____
Date        Fabian De Jesus Gregorio

{01142791.DOCX.1}    27

HILARIO BARRETO GARCIA (A.K.A. WILLY)

_____     By : _____
Date                        Hilario Barreto Garcia (a.k.a. Willy)

JOSE MANUEL BARRETO CORTEZ

_____     By : _____
Date                        Jose Manuel Barreto Cortez

JUAN ZEFERINO

_____     By : _____
Date                        Juan Zeferino

JOSE VICTOR GARCIA CASTELAN
(A/K/A VICTOR GARCIA)
_____     By : _____
Date                        Jose Victor Garcia Castelan (a/k/a Victor Garcia)

SERGIO GARCIA CASTELAN

_____     By : _____
Date                        Sergio Garcia Castelan

BALTAZAR DE LOS SANTOS HERNANDEZ

_____     By : _____
Date                        Baltazar De Los Santos Hernandez

EDUARDO DE JESUS NORIEGA

_____     By : _____
Date                         Eduardo De Jesus Noriega

FABIAN DE JESUS GREGORIO

_____     By : _____
Date                        Fabian De Jesus Gregorio

HILARIO BARRETO GARCIA (A.K.A. WII

_____     By : _____
Date                                       Hilario Barreto Garcia (a.k.a. Willy)

JOSE MANUEL BARRETO CORTEZ

_____     By : _____
Date                                       Jose Manuel Barreto Cortez

JUAN ZEFERINO

_____     By : _____
Date                                       Juan Zeferino

JOSE VICTOR GARCIA CASTELAN
(A/K/A VICTOR GARCIA)
_____     By : _____
Date                                       Jose Victor Garcia Castelan (a/k/a Victor Gar

SERGIO GARCIA CASTELAN

07·14·2022                  By : _____
Date                                       Sergio Garcia Castelan

BALTAZAR DE LOS SANTOS HERNANDEZ

_____     By : _____
Date                                       Baltazar De Los Santos Hernandez

EDUARDO DE JESUS NORIEGA

_____     By : _____
Date                                       Eduardo De Jesus Noriega

FABIAN DE JESUS GREGORIO

_____     By : _____
Date                                       Fabian De Jesus Gregorio

HILARIO BARRETO GARCIA (A.K.A. WILLY)

_____        By : _____
Date                                                  Hilario Barreto Garcia (a.k.a. Willy)

JOSE MANUEL BARRETO CORTEZ

_____        By : _____
Date                                                  Jose Manuel Barreto Cortez

JUAN ZEFERINO

_____        By : _____
Date                                                  Juan Zeferino

JOSE VICTOR GARCIA CASTELAN
(A/K/A VICTOR GARCIA)

_____        By : _____
Date                                                  Jose Victor Garcia Castelan (a/k/a Victor Garcia)

SERGIO GARCIA CASTELAN

_____        By : _____
Date                                                  Sergio Garcia Castelan

BALTAZAR DE LOS SANTOS HERNANDEZ

        7-16-22                          By : _____
Date                                                  Baltazar De Los Santos Hernandez

EDUARDO DE JESUS NORIEGA

_____        By : _____
Date                                                   Eduardo De Jesus Noriega

FABIAN DE JESUS GREGORIO

_____        By : _____
Date                                                  Fabian De Jesus Gregorio

HILARIO BARRETO GARCIA (A.K.A. WILLY)

_____     By : _____
Date                                         Hilario Barreto Garcia (a.k.a. Willy)

JOSE MANUEL BARRETO CORTEZ

_____     By : _____
Date                                         Jose Manuel Barreto Cortez

JUAN ZEFERINO

_____     By : _____
Date                                         Juan Zeferino

JOSE VICTOR GARCIA CASTELAN
(A/K/A VICTOR GARCIA)

_____     By : _____
Date                                         Jose Victor Garcia Castelan (a/k/a Victor Garcia)

SERGIO GARCIA CASTELAN

_____     By : _____
Date                                         Sergio Garcia Castelan

BALTAZAR DE LOS SANTOS HERNANDEZ

_____     By : _____
Date                                         Baltazar De Los Santos Hernandez

EDUARDO DE JESUS NORIEGA

__7-14-22_____     By : _____
Date                                         Eduardo De Jesus Noriega

FABIAN DE JESUS GREGORIO

_____     By : _____
Date                                         Fabian De Jesus Gregorio

HONORIO CANDIA LIBRADO

**7. 15. 22**
_____     By : _____
Date                                          Honorio Candia Librado

JUAN CARLOS CARDENAS

_____     By : _____
Date                                          Juan Carlos Cardenas

MARCELINO CRUZ

_____     By : _____
Date                                          Marcelino Cruz

MELVIN RAMIREZ

_____     By : _____
Date                                          Melvin Ramirez

MILAN FLORES HELADIO

_____     By : _____
Date                                          Milan Flores Heladio

RAUL VILLEGAS PERALTA

_____     By : _____
Date                                          Raul Villegas Peralta

ANTONIO LOPEZ

_____     By : _____
Date                                          Antonio Lopez

JUAN PABLO BARRETO ANZURES

_____     By : _____
Date                                          Juan Pablo Barreto Anzures

HONORIO CANDIA LIBRADO

_____         By : _____
Date                                              Honorio Candia Librado

JUAN CARLOS CARDENAS

_____         By : _____
Date                                              Juan Carlos Cardenas

MARCELINO CRUZ

_____         By : _____
Date                                              Marcelino Cruz

MELVIN RAMIREZ

\_\_\_\_\_7-17-22_____         By : _____
Date                                              Melvin Ramirez

MILAN FLORES HELADIO

_____         By : _____
Date                                              Milan Flores Heladio

RAUL VILLEGAS PERALTA

_____         By : _____
Date                                              Raul Villegas Peralta

ANTONIO LOPEZ

_____         By : _____
Date                                              Antonio Lopez

JUAN PABLO BARRETO ANZURES

_____         By : _____
Date                                              Juan Pablo Barreto Anzures

_____

Date

By : _____

Honorio Candia Librado

JUAN CARLOS CARDENAS

7- 15 - 22
_____

Date

By : _____

Juan Carlos Cardenas

MARCELINO CRUZ

_____

Date

By : _____

Marcelino Cruz

MELVIN RAMIREZ

_____

Date

By : _____

Melvin Ramirez

MILAN FLORES HELADIO

_____

Date

By : _____

Milan Flores Heladio

RAUL VILLEGAS PERALTA

7/15/22
_____

Date

By : _____

Raul Villegas Peralta

ANTONIO LOPEZ

_____

Date

By : _____

Antonio Lopez

JUAN PABLO BARRETO ANZURES

7/14/2022
_____

Date

By : _____

Juan Pablo Barreto Anzures

OCTAVIO PERALTA MARCELO

_____

By : _____

HONORIO CANDIA LIBRADO

_____   By : _____
Date                          Honorio Candia Librado

JUAN CARLOS CARDENAS

_____   By : _____
Date                          Juan Carlos Cardenas

MARCELINO CRUZ

7/18/22                   By : Marcelino Cruz A.
Date                          Marcelino Cruz

MELVIN RAMIREZ

_____   By : _____
Date                          Melvin Ramirez

MILAN FLORES HELADIO

7/17/22                   By : _____
Date                          Milan Flores Heladio

RAUL VILLEGAS PERALTA

_____   By : _____
Date                          Raul Villegas Peralta

ANTONIO LOPEZ

7/15/22                   By : _____
Date                          Antonio Lopez

JUAN PABLO BARRETO ANZURES

_____   By : _____
Date                          Juan Pablo Barreto Anzures

{01142791.DOCX.1}                28

OCTAVIO PERALTA MARCELO

7-14-22

By : _____

Date                                   Octavio Peralta Marcelo


WILMER BATEN

_____         By : _____

Date                                   Wilmer Baten


SIXTO VICENTE

_____         By : _____

Date                                   Sixto Vicente


ELICIAS LORENZO MEJIA SAPON

_____         By : _____

Date                                   Elicias Lorenzo Mejia Sapon


JILMAR RAMIREZ (a/k/a JOSE PEREZ)

_____         By : _____

Date                                   Jilmar Ramirez (a/k/a Jose Perez)


RAFAEL VALENCIA ORTEGA

_____         By : _____

Date                                   Rafael Valencia Ortega


JUAN JOSE CRUZ GARCIA

_____         By : _____

Date                                   Juan Jose Cruz Garcia

OCTAVIO PERALTA MARCELO

_____     By : _____
Date                                                    Octavio Peralta Marcelo

WILMER BATEN

_____7-16-22_____     By : _____
Date                                                    Wilmer Baten

SIXTO VICENTE

_____     By : _____
Date                                                    Sixto Vicente

ELICIAS LORENZO MEJIA SAPON

_____     By : _____
Date                                                    Elicias Lorenzo Mejia Sapon

JILMAR RAMIREZ (a/k/a JOSE PEREZ)

_____     By : _____
Date                                                    Jilmar Ramirez (a/k/a Jose Perez)

RAFAEL VALENCIA ORTEGA

_____     By : _____
Date                                                    Rafael Valencia Ortega

JUAN JOSE CRUZ GARCIA

_____     By : _____
Date                                                    Juan Jose Cruz Garcia

OCTAVIO PERALTA MARCELO

By : _____
_____
Date                            Octavio Peralta Marcelo

WILMER BATEN

By : _____
_____
Date                            Wilmer Baten

SIXTO VICENTE

7/15/22                    By : _____
_____
Date                            Sixto Vicente

ELICIAS LORENZO MEJIA SAPON

By : _____
_____
Date                            Elicias Lorenzo Mejia Sapon

JILMAR RAMIREZ (a/k/a JOSE PEREZ)

By : _____
_____
Date                            Jilmar Ramirez (a/k/a Jose Perez)

RAFAEL VALENCIA ORTEGA

By : _____
_____
Date                            Rafael Valencia Ortega

JUAN JOSE CRUZ GARCIA

By : _____
_____
Date                            Juan Jose Cruz Garcia

OCTAVIO PERALTA MARCELO

_____          By : _____

Date                                              Octavio Peralta Marcelo

WILMER BATEN

_____          By : _____

Date                                              Wilmer Baten

SIXTO VICENTE

_____          By : _____

Date                                              Sixto Vicente

ELICIAS LORENZO MEJIA SAPON

_____7-15-22_____          By : _____

Date                                              Elicias Lorenzo Mejia Sapon

JILMAR RAMIREZ (a/k/a JOSE PEREZ)

_____          By : _____

Date                                              Jilmar Ramirez (a/k/a Jose Perez)

RAFAEL VALENCIA ORTEGA

_____          By : _____

Date                                              Rafael Valencia Ortega

JUAN JOSE CRUZ GARCIA

_____          By : _____

Date                                              Juan Jose Cruz Garcia

OCTAVIO PERALTA MARCELO

_____        By : _____
Date                                        Octavio Peralta Marcelo

WILMER BATEN

_____        By : _____
Date                                        Wilmer Baten

SIXTO VICENTE

_____        By : _____
Date                                        Sixto Vicente

ELICIAS LORENZO MEJIA SAPON

_____        By : _____
Date                                        Elicias Lorenzo Mejia Sapon

JILMAR RAMIREZ (a/k/a JOSE PEREZ)

_____7-15-22_____        By : _____
Date                                        Jilmar Ramirez (a/k/a Jose Perez)

RAFAEL VALENCIA ORTEGA

_____        By : _____
Date                                        Rafael Valencia Ortega

JUAN JOSE CRUZ GARCIA

_____        By : _____
Date                                        Juan Jose Cruz Garcia

OCTAVIO PERALTA MARCELO

_____          By : _____
Date                                               Octavio Peralta Marcelo

WILMER BATEN

_____          By : _____
Date                                               Wilmer Baten

SIXTO VICENTE

_____          By : _____
Date                                               Sixto Vicente

ELICIAS LORENZO MEJIA SAPON

_____          By : _____
Date                                               Elicias Lorenzo Mejia Sapon

JILMAR RAMIREZ (a/k/a JOSE PEREZ)

_____          By : _____
Date                                               Jilmar Ramirez (a/k/a Jose Perez)

RAFAEL VALENCIA ORTEGA

_____          By : _____
Date                                               Rafael Valencia Ortega

JUAN JOSE CRUZ GARCIA

   7-18-22
_____          By : _____
Date                                               Juan Jose Cruz Garcia

**DEFENDANTS**

GABI OPERATING CORP.

7/13/2022

_____    By: _____
Date                           Gabiel Weiser
                              Title: Shareholder


BRITTGAB CORP.

7/13/2022

_____    By: _____
Date                           Gabriel Weiser
                              Title: Shareholder


PIZZA 84 LLC

7/13/2022

_____    By: _____
Date                           Gabriel Weiser
                              Title: Shareholder


PIZZA 54 INC.

7/13/2022

_____    By: _____
Date                           Gabriel Weiser
                              Title: Shareholder


MOSHGAB CORP.

7/13/2022

_____    By: _____
Date                           Gabriel Weiser
                              Title: Shareholder


PIZZA 26 LLC

7/13/2022

_____    By: _____
Date                           Gabriel Weiser
                              Title: Shareholder

PIZZA 10 LLC

7/13/2022
_____
Date

By: _____
Gabriel Weiser
Title:  Shareholder

GABRIEL WEISER

7/13/2022
_____
Date

By: _____
Gabriel Weiser


JONATHAN BANAYAN

7/13/2022
_____
Date

By: _____
Jonathan Banayan

# EXHIBIT A

COVER LETTER (to be sent on Settlement Claims Administrator letterhead)

DATE

NAME
ADDRESS
CITY, STATE ZIP CODE

      Re:    Notice of Class Action Settlement in Pelon, et al v. Gabi Operating Corp., et al,
              Case No.: 19-cv-00502 (RWL)

Dear [NAME],

      According to the Defendants' records, you worked as a non-exempt food service worker at one of Defendants' restaurants during the time period covered by this class action lawsuit. The Parties have reached a settlement in that lawsuit under which you may be eligible to receive a portion of the settlement.  Enclosed herein is a Court approved Notice, Claim Form, and IRS Form W-9.  In order to receive payment under the settlement, you must sign and complete the Claim Form and return it by the Claim Form Deadline, as set forth in the attached notice. You will not receive money from the settlement unless you submit the signed and completed Claim Form by the Claim Form Deadline, and a signed and valid IRS Form W-9 by the date that is 300 days after the Claim Form Deadline; however, you may submit the IRS Form W-9 along with your Claim Form should you wish.  In order to receive your settlement amount, all forms must be mailed to the address listed in the Claim Form by the date set forth therein. For full information about the settlement and how to claim your share of the settlement, please contact Class Counsel, CSM Legal, P.C., at (212) 317-1200.

                    Sincerely,

                    [Settlement Claims Administrator]

CARTA DE PRESENTACIÓN (para enviar con el membrete del Administrador de reclamos del acuerdo)

FECHA

NOMBRE
DIRECCIÓN
CIUDAD, ESTADO, CÓDIGO POSTAL

Ref.:   Notificación del Acuerdo de la Acción de Clase en la causa *Pelon, et al v. Gabi Operating Corp., et al* (Pelon y otros contra Gabi Operating Corp. y otros), núm.: 19-cv-00502 (RWL)

Estimado [NOMBRE]:

Según los registros de los Demandados, usted trabajó como trabajador no exento del servicio de comidas de uno de los restaurantes de los Demandados durante el período alcanzado por esta acción judicial de clase. Las Partes llegaron a un acuerdo en dicho juicio, en virtud del cual usted podría reunir los requisitos para recibir una parte de dicho acuerdo. Se adjunta una notificación aprobada judicialmente, un formulario de reclamo y el formulario W-9 del Servicio de Impuestos Internos (IRS). Para recibir el pago en virtud de este acuerdo, debe firmar y completar el formulario de reclamo y devolverlo antes de la Fecha límite del formulario de reclamo, como se indica en la notificación adjunta. No recibirá dinero del acuerdo salvo que presente el formulario de reclamo completo y firmado antes de la Fecha límite del formulario de reclamo y un formulario W-9 del IRS válido y firmado dentro de un plazo de 300 días después de la Fecha límite del formulario de reclamo. Sin embargo, puede presentar el formulario W-9 del IRS junto con el formulario de reclamo, si así lo desea. Para recibir la suma del acuerdo, se deben enviar todos los formularios por correo a la dirección indicada en el formulario de reclamo antes de la fecha mencionada previamente. Para obtener información completa sobre el acuerdo y cómo reclamar su parte de ese acuerdo, comuníquese con el Abogado de clase, CSM Legal, P.C., al (212) 317-1200.

Atentamente,

[Administrador de reclamos del acuerdo]

<u>NOTICE OF PROPOSED CLASS ACTION SETTLEMENT</u>
<u>AND FAIRNESS HEARING</u>

TO:    Persons who worked as a non-exempt food service worker for Defendants in Pelon, et al v. Gabi Operating Corp., et al, Case No.: 19-cv-00502 (RWL) between January 17, 2013 and [date of preliminary approval].

Based on information in the records of Defendant restaurants, you worked as a non-exempt food service worker at Defendants' Restaurants between January 17, 2013 and [DATE OF PRELIMINARY APPROVAL], and may be entitled to participate in the proposed settlement in the case captioned Pelon, et al v. Gabi Operating Corp., et al, Case No.: 19-cv-00502 (RWL) (S.D.N.Y.) (the "Lawsuit").   The Lawsuit was brought by former food service workers of the Defendants' Restaurants against Gabi Operating Corp., Brittgab Corp, Pizza 84 LLC, Pizza 54 Inc., Moshgab Corp., Pizza 26 LLC, Pizza 10 LLC, Gabriel Weiser and Jonathan Banayan (collectively "Defendants").

Under the terms of the settlement, you may be entitled to claim money under the Settlement.  A Claim Form is enclosed with this notice.  You will receive money from this settlement only if you sign and return the attached Claim Form on or before [60 DAYS AFTER THE SETTLEMENT CLAIMS ADMINISTRATOR MAILS THE NOTICE, CLAIM FORM AND IRS FORM] (the "Claim Form Deadline"), and a valid and fully executed IRS Form W-9 on or before [300 DAYS AFTER THE CLAIM FORM DEADLINE], to the claims administrator.

| **1.   WHAT IS THE PURPOSE OF THIS NOTICE?** |
|---|

PLEASE READ THIS NOTICE CAREFULLY**.**  It contains important information about your rights concerning the settlement of the case.  If the Court approves the Settlement Agreement, and after any objections, appeals and motions are resolved, each Class Member will be bound by its terms unless he/she affirmatively opts-out of the Settlement Agreement.

The Court has ordered that this Notice be sent to you to inform you of your rights under the Settlement Agreement resolving the case.

| **2.   WHAT IS THIS CASE ABOUT?** |
|---|

The case asserts claims under the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and applicable federal and state regulations, alleging that Defendants failed to properly compensate certain non-exempt food service workers for all hours worked, including overtime for hours worked in excess of forty per workweek.  The case also alleges that food service workers were not provided with the appropriate wage notices and wage statements that Defendants were required to provide them with.

**Defendants deny these allegations in their entirety and maintain that all non-exempt food service workers were paid properly and received all monies owed.**  The Parties have entered into this Settlement Agreement solely with the intention to avoid further disputes and litigation

with the attendant inconvenience and expense.  The Court has not made any ruling whatsoever on the merits of the claims in the case, and no party has been deemed the "winner" or "loser."

## 3. WHO IS INCLUDED IN THE CLASS?

The Parties have agreed to settle the case for a class consisting of all non-exempt food service workers who performed work at Marinara Pizza and Saba's Pizza locations between January 17, 2013 and **[THE DATE OF PRELIMINARY APPROVAL]** ("Class Members").  You have received this notice because Defendant Restaurants have identified you as a Class Member based on their records.

## 4. HOW WILL MY SHARE OF THE SETTLEMENT FUND BE CALCULATED?

If the Settlement Agreement is given final approval by the Court, Defendants will pay up to a maximum of Eighty Six Thousand Eight Hundred Thirty Two Dollars and Zero Cents ($86,832.00) in total settlement funds.  If the Court also approves payments for Class Counsel's attorneys' fees and service awards to the Named Plaintiffs, they will be deducted from the total settlement amount of $86,832.00.  The settlement amount will be divided as follows:

1.   Attorneys' Fees: Pursuant to the Agreement, Class Counsel, CSM-Legal, P.C., shall receive attorneys' fees for services rendered in connection with this class and collective settlement.   Class Counsel will apply to the Court for an award of attorneys' fees of approximately 29.5% of the Settlement Fund.

2.   Service Awards:  If the Court approves such payments, certain monies will be paid to the Named Plaintiffs, all of whom have been designated Class Representatives by Class Counsel.

3.   $60,000.00 of the remaining Settlement Fund (the "Net Settlement Fund") shall be allocated to Claimants, including the Named Plaintiffs, based on the amount of hours they performed food service work for Defendants between January 17, 2013 and [THE DATE OF PRELIMINARY APPROVAL].

- •   No Claimant will be allocated a settlement share that is less than $25.00.

- •   Once checks are issued they will be valid for only 120 days.

- •   For more information about how individual settlement awards are calculated, you may contact Class Counsel, CSM Legal, P.C., 60 E. 42nd Street, #4510, New York, NY 10165.

- •   If you do nothing, you will remain part of the case, not receive payment and still be bound by the terms of the Settlement Agreement**.**

## 5. HOW CAN I COLLECT MY SHARE OF THE SETTLEMENT?

In order to collect your share of the settlement, you must fill out and sign the enclosed Claim Form and IRS Form W-9.  If you do not fill out, sign and return timely a Claim Form and IRS Form W-9, you will not receive any money from this settlement.  Attached to this Notice is a Claim Form, which you must fill out, sign and mail, and it must be postmarked on or before the date that is [60 DAYS AFTER THE SETTLEMENT CLAIMS ADMINISTRATOR MAILS THE NOTICE, CLAIM FORM AND IRS FORM], and also attached is an IRS Form W-9 which you must fill out, sign and mail, which must contain a valid social security number or tax identification number and it must be postmarked on or before the date that is [300 DAYS AFTER THE CLAIM FORM DEADLINE] and sent to:

CLAIMS ADMINISTRATOR'S INFO

Defendants cannot retaliate against you for participating in this Settlement and/or filing a Claim Form.

It is your responsibility to retain proof of timely mailing of the Claim Form and IRS Form W-9 until receipt of your settlement payment.  If you move to a different residential address, you must send the Claims Administrator your new address.  It is your responsibility alone to provide a forwarding address to the United States Post Office and your current address to the Claims Administrator.

If you are found eligible to participate in the Settlement, you should not expect to receive any payment until the Settlement is finalized and approved by the Court, the Court grants the Parties' Motion for Final Approval of the Settlement Agreement, and any and all appeals and motions for reconsideration are resolved, which will likely be almost one year away.

## 6. WHAT IS THE LEGAL EFFECT OF THE SETTLEMENT?

Upon the Order Granting Final Approval of the Settlement Agreement, and except as to such rights or claims as may be created by it, each Class Member receiving this Notice, who has not opted out of the Settlement Agreement, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, fully releases and discharges Defendants, Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, members, managers, co-joint ventures, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any and all wage and hour claims against Defendants and Releasees that have been brought or could have been brought under the New York Labor Law or the regulations thereunder, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries, the New York Minimum Wage Act, and the New York Wage Theft Prevention Act, and the regulations under such statutes, laws, and wage orders, for work performed at or on behalf of Defendants' Restaurants, whether known or unknown, including but not limited to any such claims for unpaid wages, overtime, tips, gratuities, service charges, administrative or other mandatory

charges, payment for all hours worked, improper tax withholding, failure to maintain and furnish workers with proper wage notices and wage statements, claims to recover the tip credit, spread-of-hours payments, call-in payments, meal credit claims, uniform maintenance fees, tools of the trade damages,  meal break claims, improper taking of the tip credit, liquidated damages, statutory penalties, and attorneys' fees and costs related to such claims, through the date that the Court issues an Order granting final approval of the Settlement Agreement.

In addition, if you sign and return a Claim Form and IRS Form W-9 that is accepted pursuant to this Settlement, upon the Order Granting Final Approval of the Settlement Agreement you, on your own behalf, and on behalf of your respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, irrespective of whether or not you cash any settlement check(s) sent to you, will, forever and fully release Defendants and Releasees from any and all wage and hour claims against Defendants and Releasees that have been brought or could have been brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the regulations thereunder, as well as under the New York Labor Law or the regulations thereunder, the New York Hospitality Industry Wage Order, the New York Wage Order for Miscellaneous Industries, the New York Minimum Wage Act, and the New York Wage Theft Prevention Act, and the regulations under such statutes, laws, and wage orders, whether known or unknown, for work performed at or on behalf of Defendants' Restaurants, including but not limited to any such claims for unpaid wages, overtime, tips, gratuities, payment for all hours worked, improper tax withholding, liquidated damages, failure to provide notice of the tip credit, improper taking of a tip credit, and attorneys' fees and costs related to such claims, through the date that the Court issues an Order granting final approval of the Settlement Agreement.

## 7. HOW DO I OPT OUT OF THE SETTLEMENT CLASS?

You have the option of opting-out of the Settlement Agreement if you do not want to participate in the Settlement or be bound by the release of claims described above.  To opt-out of the Settlement Agreement you must do so by the date that is [60 DAYS AFTER THE SETTLEMENT CLAIMS ADMINISTRATOR MAILS THE NOTICE, CLAIM FORM AND IRS FORM ].  If you do not opt out, you will be bound by the terms of the Settlement Agreement.  To opt out, you must mail a signed letter which specifically states, "I elect to exclude myself from the settlement in Pelon, et al v. Gabi Operating Corp., et al, Case No.: 19-cv-00502 (RWL)" postmarked no later than the date that is [60 DAYS AFTER THE SETTLEMENT CLAIMS ADMINISTRATOR MAILS THE NOTICE, CLAIM FORM AND IRS FORM ].  You must include your name and address in the letter.  If you choose to opt out, send your letter to:

[CLAIMS ADMINISTRATOR]

## 8. WHAT IF I HAVE AN OBJECTION TO THE SETTLEMENT?

If you have not opted out of the Settlement, and if you wish to present objections to the proposed settlement at the Fairness Hearing, you must first do so in writing.  Written objections must be postmarked no later than the date that is [60 DAYS AFTER THE SETTLEMENT CLAIMS ADMINISTRATOR MAILS THE NOTICE, CLAIM FORM AND IRS FORM ] and sent to:

[CLAIMS ADMINISTRATOR]

Written objections must contain your name and address, must be signed by you, your reasons for objecting, and must include reference to the matter of Pelon, et al v. Gabi Operating Corp., et al, Case No.: 19-cv-00502 (RWL).   Any objections not included in your written statement will not be considered by the Court.  If you opt-out of the settlement, you may not also object to the settlement.

## 9. WHEN IS THE FAIRNESS HEARING?

A hearing before the Honorable Robert W. Lehrburger, U.S.M.J., will be held on _____ at _____ at the United States District Court for the Southern District of New York, 500 Pearl Street, Courtroom 18D, New York, NY 10007 (the "Fairness Hearing").  The purpose of this hearing will be for the Court to determine whether the Settlement Agreement is fair, adequate, and reasonable and should be approved by the Court.  The Court will take into account any comments or objections filed in accordance with the procedures described above.

## 10. HOW CAN I EXAMINE COURT RECORDS?

This Notice does not contain all of the terms of the proposed Settlement or all of the details of these proceedings.  For more detailed information, you are advised to refer to the underlying documents and papers on file with the Court.

Additionally, if you have questions about this Notice or want additional information, you can contact CSM Legal, P.C., 60 E. 42nd Street, #4510, New York, NY 10165, at (212) 317-1200 or the Claims Administrator at the address/phone number listed above.

## 11. DO I HAVE A LAWYER?

CSM Legal, P.C. has been designated as legal counsel to represent you and the other Class Members. These lawyers are called Class Counsel. You will not be charged separately for representation by Class Counsel. Their fees will be paid from the total settlement amount.  If you want to be represented by your own lawyer, you may hire one at your own expense.

≡

## NOTIFICACIÓN DEL ACUERDO PROPUESTO Y LA AUDIENCIA JUSTA
## DE LA ACCIÓN DE CLASE

PARA: Personas que se hayan desempeñado como trabajadores no exentos del servicio de comidas para los Demandados en la causa *Pelon, et al v. Gabi Operating Corp., et al*, núm. 19-cv-00502 (RWL) entre el 17 de enero de 2013 y [fecha de aprobación preliminar].

Según la información de los registros de los restaurantes de los Demandados, usted se desempeñó como trabajador no exento del servicio de comidas de los restaurantes de los Demandados entre el 17 de enero de 2013 y [FECHA DE APROBACIÓN PRELIMINAR], y puede tener derecho a participar en el acuerdo propuesto en la causa caratulada *Pelon, et al v. Gabi Operating Corp., et al*: 19-cv-00502 (RWL) (Distrito Sur de Nueva York, S.D.N.Y.) (el "Juicio"). El Juicio lo iniciaron los trabajadores del servicio de comidas de los restaurantes de los Demandados contra Gabi Operating Corp., Brittgab Corp, Pizza 84 LLC, Pizza 54 Inc., Moshgab Corp., Pizza 26 LLC, Pizza 10 LLC, Gabriel Weiser y Jonathan Banayan (en conjunto denominados los "Demandados").

De acuerdo con los términos del acuerdo, puede tener derecho a reclamar una suma del acuerdo. Encontrará adjunto a esta notificación un formulario de reclamo. Recibirá dinero de este acuerdo únicamente si firma y devuelve el formulario de reclamo adjunto antes de [60 DÍAS DESPUÉS DE QUE EL ADMINISTRADOR DE RECLAMOS DEL ACUERDO ENVÍE POR CORREO ESTA NOTIFICACIÓN, EL FORMULARIO DE RECLAMO Y EL FORMULARIO DEL IRS] (la "Fecha límite del formulario de reclamo"), y un formulario W-9 del IRS válido y firmado antes de [300 DÍAS DESPUÉS DEL PLAZO DEL FORMULARIO DE RECLAMO], al administrador de reclamos.

| 1. | ¿CUÁL ES EL PROPÓSITO DE ESTA NOTIFICACIÓN? |
|---|---|

LEA ESTA NOTIFICACIÓN ATENTAMENTE**.** Incluye información importante sobre sus derechos respecto de la resolución de la causa. Si el Tribunal aprueba el Acuerdo de resolución y después de que se hayan resuelto las objeciones, apelaciones y peticiones, los términos del acuerdo serán vinculantes para cada Miembro de la clase salvo que dicho miembro opte por no participar del Acuerdo de resolución.

El Tribunal ordenó que se le envíe esta Notificación para informarle sus derechos en virtud del Acuerdo de resolución que pone fin a la causa.

| 2. | ¿DE QUÉ SE TRATA LA CAUSA? |
|---|---|

En la causa se presentan reclamos derivados de la Ley de Normas Justas de Trabajo ("FLSA") y la Ley de Trabajo de Nueva York ("NYLL") y las regulaciones federales y estatales aplicables, y se alega que los Demandados no les proporcionaron la remuneración correcta a determinados trabajadores del servicio de comidas por todas las horas trabajadas, incluidas las horas extra por las horas trabajadas después de cumplir con las cuarenta horas por semana laboral. En la causa también se alega que los trabajadores del servicio de comidas no recibieron las notificaciones salariales y estados de cuenta salariales correspondientes que los Demandados tenían obligación de enviarles.

**Los Demandados negaron estas acusaciones en su totalidad y sostuvieron que a todos los trabajadores no exentos del servicio de comidas se les pagó correctamente y que recibieron todas las sumas correspondientes.** Las Partes celebraron este Acuerdo de resolución únicamente con la intención de evitar futuras disputas y litigios con

la inconveniencia de asistir y los gastos involucrados. El Tribunal no emitió ninguna resolución sobre el fondo de los reclamos de la causa y ninguna de las partes se considera la parte "ganadora" o "perdedora".

| 3. | ¿QUIÉN ESTÁ INCLUIDO EN LA CLASE? |
|---|---|

Las Partes aceptaron llegar a un acuerdo por la acción de clase que consiste en todos los trabajadores no exentos del servicio de comidas que trabajaron en las sucursales de Marinara Pizza y Saba's Pizza entre el 17 de enero de 2013 y **[FECHA DE APROBACIÓN PRELIMINAR]** ("Miembros de la clase"). Usted recibió esta notificación porque los restaurantes del Demandado lo identificaron como Miembro de la clase según sus registros.

| 4. | ¿CÓMO SE CALCULARÁ MI PARTE DEL FONDO DEL ACUERDO? |
|---|---|

Si el Tribunal aprueba de forma definitiva el Acuerdo de resolución, los Demandados pagarán hasta una suma máxima de ochenta y seis mil, ochocientos treinta y dos dólares con cero centavos (USD 86.832,00) para el fondo total del acuerdo. Si el Tribunal también aprueba los pagos para los honorarios de abogado y la adjudicación por servicios del Abogado de clase a favor de los Demandantes designados, estos se deducirán de la suma total del acuerdo de USD 86.832,00. La suma del acuerdo se dividirá de la siguiente manera:

1. Honorarios de abogados: En virtud del acuerdo, el Abogado de clase, CSM-Legal, P.C., recibirá los honorarios de abogados por los servicios prestados en relación con este acuerdo colectivo y de clase. El Abogado de clase le solicitará al Tribunal una adjudicación de los honorarios de abogados de aproximadamente el 29,5 % del Fondo del acuerdo.

2. Adjudicación por servicios: Si el Tribunal aprueba dichos pagos, se efectuará el pago de determinadas sumas a los Demandantes designados, todos los cuales han designado Representantes de clase a través del Abogado de clase.

3. La suma restante de USD 60.000,00 del Fondo del acuerdo (el "Fondo neto del acuerdo") se distribuirá entre los Accionantes, que incluye a los Demandantes designados, en función de la cantidad de horas trabajadas en el servicio de comidas para los Demandados entre el 17 de enero de 2013 y [FECHA DE LA APROBACIÓN PRELIMINAR].

- A los Demandantes no se les asignará una parte del acuerdo de menos de USD 25,00.

- Una vez que se hayan emitido los cheques, serán válidos únicamente durante 120 días.

- Para obtener más información acerca de la forma de cálculo de las adjudicaciones individuales del acuerdo, puede comunicarse con el Abogado de clase, CSM Legal, P.C., 60 E. 42nd Street, #4510, Nueva York, NY 10165.

- Si no lo hace, seguirá siendo parte del proceso, no recibirá el pago y los términos del Acuerdo de resolución igualmente serán vinculantes para usted.

{01142641.DOCX.1}

## 5.      ¿CÓMO PUEDO COBRAR MI PARTE DEL ACUERDO?

Para cobrar su parte del acuerdo, debe completar y firmar el formulario de reclamo y el formulario W-9 del IRS adjuntos. Si no completa, firma y devuelve el formulario de reclamo y el formulario W-9 del IRS en tiempo oportuno, no recibirá suma alguna de este acuerdo. Se adjunta a esta Notificación un formulario de reclamo, que debe completar, firmar y enviar por correo sellado antes de la fecha [60 DÍAS DESPUÉS DE QUE EL ADMINISTRADOR DE RECLAMOS DEL ACUERDO ENVÍE POR CORREO ESTA NOTIFICACIÓN, EL FORMULARIO DE RECLAMO Y EL FORMULARIO DEL IRS] y también se adjunta un formulario W-9 del IRS, que debe completar, firmar y enviar por correo y que debe incluir un número de seguro social válido o número de identificación fiscal y debe contener el sello del correo antes de [300 DÍAS DESPUÉS DEL PLAZO DEL FORMULARIO DE RECLAMO] y se envía a:

INFORMACIÓN DEL ADMINISTRADOR DE RECLAMOS

Los Demandantes no pueden tomar represalias en su contra por participar en este Acuerdo o completar el formulario de reclamo.

Es responsable de conservar un comprobante del envío por correo del formulario de reclamo y formulario W-9 del IRS en tiempo oportuno hasta la recepción del pago del acuerdo. Si se muda a una dirección residencial diferente, debe enviarle su nueva dirección al Administrador de reclamos. Es el único responsable de proporcionar una dirección de reenvío al Servicio Postal de los Estados Unidos y su dirección actual al Administrador de reclamos.

Si se determina que reúne los requisitos para participar en el Acuerdo, no debe esperar recibir ningún pago hasta que el Acuerdo esté finalizado y aprobado por el Tribunal, que el Tribunal conceda la Petición de las Partes de aprobación definitiva del Acuerdo de resolución y que se hayan resuelto todas las apelaciones y peticiones de reconsideración, que probablemente sucederán dentro de un año.

## 6.      ¿CUÁL ES EL EFECTO LEGAL DE ESTE ACUERDO?

Tras la resolución que conceda la aprobación definitiva del Acuerdo de resolución, y salvo por aquellos derechos o reclamos que se puedan crear mediante el acuerdo, cada Miembro de la clase que reciba esta Notificación, que no haya optado por no participar del Acuerdo de resolución, en nombre propio o en representación de sus herederos, cónyuges, albaceas, administradores, representantes o abogados actuales, pasados y futuros, respectivamente, por el presente eximen de responsabilidad y liberan por completo a los Demandados y a sus sociedades controlantes, subsidiarias, afiliadas o vinculadas, accionistas, ejecutivos, directores, socios, gerentes, empresas conjuntas, empleados, fiduciarios, administradores, administradores de planes de beneficios para empleados, representantes, abogados, compañías aseguradoras, sucesores y cesionarios, actuales o pasados, y toda persona o entidad que actúe a través de los Demandados, bajo sus instrucciones o en conjunto con ellos, y toda persona o entidad que podría ser solidariamente responsable con ellos (las "Partes eximidas de responsabilidad"), respecto de todo reclamo de nómina u horario contra los Demandantes y las Partes eximidas de responsabilidad que se hayan iniciado o que puedan haberse iniciado en virtud de la Ley de Trabajo de Nueva York o sus regulaciones, la Orden Salarial del Sector Hotelero de Nueva York, la Orden Salarial de Nueva York para Sectores Varios, la Ley de Salario Mínimo de Nueva York y la Ley de Prevención de Robo de Salarios de Nueva York y las normas regulatorias de dichos estatutos, leyes y órdenes salariales, por el trabajo realizado en los restaurantes de los Demandados o en su representación, sean conocidos o desconocidos, incluidos, entre otros, los reclamos por salarios impagos, horas extra, propinas, gratificaciones, cargos por servicio, cargos administrativos o de otro tipo

3

obligatorios, pago de todas las horas trabajadas, retenciones indebidas de impuestos, el incumplimiento de mantener y entregarles a los trabajadores las notificaciones salariales y estados de cuenta salariales adecuados, los reclamos para recuperar el crédito de propia, los pagos por la extensión de horario, los pagos por días de enfermedad, los reclamos por créditos de comida, las tarifas para el mantenimiento del uniforme, las herramientas de los daños comerciales, los reclamos por descanso para comer, la apropiación indebida del crédito de propinas, los daños y perjuicios determinados, las sanciones legales y los honorarios de abogados y costos relacionados con dichos reclamos, hasta la fecha en la que el Tribunal emite una Resolución que concede la aprobación definitiva del Acuerdo de resolución.

Además, si firma y devuelve un formulario de reclamo y formulario W-9 del IRS que se acepta en virtud de este Acuerdo, tras la Resolución que concede la aprobación definitiva del Acuerdo de resolución, usted, en nombre propio o en representación de sus herederos, cónyuges, albaceas, administradores, representantes y abogados, actuales, pasados y futuros, independientemente de si cobró efectivamente los cheques del acuerdo que se le enviaron, eximirá por completo y para siempre a los Demandados y las Partes eximidas de responsabilidad respecto de todo reclamo de nómina y horario contra los Demandados y las Partes eximidas de responsabilidad que se haya iniciado o que podría haberse iniciado en virtud de la Ley de Normas Justas de Trabajo, artículo 201 y subsiguientes del título 29 del Código de los Estados Unidos (U.S.C.) ("FLSA"), y sus normas regulatorias, La Ley de Trabajo de Nueva York o sus normas regulatorias, la Orden Salarial del Sector Hotelero de Nueva York, la Orden Salarial de Nueva York para Sectores Varios, la Ley de Salario Mínimo de Nueva York y la Ley de Prevención de Robo de Salarios de Nueva York y sus normas regulatorias como estatutos, leyes y órdenes salariales, conocidos o desconocidos, por el trabajo realizado en los restaurantes de los Demandados o en su representación, incluidos, entre otros, los reclamos por salarios impagos, horas extra, propinas, gratificaciones, pago de todas las horas trabajadas, retenciones indebidas de impuestos, los daños y perjuicios determinados, el incumplimiento de notificar el crédito de propinas, la apropiación indebida del crédito de propinas y los honorarios de abogados y costos relacionados con dichos reclamos, hasta la fecha en que el Tribunal emite una Resolución que concede la aprobación definitiva del Acuerdo de resolución.

## 7.   ¿CÓMO OPTO POR NO PARTICIPAR DE LA CLASE DEL ACUERDO?

Tiene la opción de no participar del Acuerdo de resolución si no quiere participar en el Acuerdo o no quiere estar vinculado por la eximición de responsabilidad por los reclamos antes descriptos. Para optar por no participar del Acuerdo de resolución, debe hacerlo antes del [60 DÍAS DESPUÉS DE QUE EL ADMINISTRADOR DE RECLAMOS DEL ACUERDO ENVÍE POR CORREO ESTA NOTIFICACIÓN, EL FORMULARIO DE RECLAMO Y EL FORMULARIO DEL IRS]. Si opta por no participar, los términos del Acuerdo de resolución serán vinculantes para usted. Para no participar, debe enviar una carta firmada por correo que indique específicamente "Elijo excluirme del Acuerdo de la causa *Pelon, et al v. Gabi Operating Corp., et al*, núm.: 19-cv-00502 (RWL)", con el sello del correo a más tardar [60 DÍAS DESPUÉS DE QUE EL ADMINISTRADOR DE RECLAMOS DEL ACUERDO ENVÍE POR CORREO ESTA NOTIFICACIÓN, EL FORMULARIO DE RECLAMO Y EL FORMULARIO DEL IRS]. Debe incluir su nombre y dirección en la carta. Si opta por no participar, envíe su carta a:

[ADMINISTRADOR DE RECLAMOS]

| **8.     ¿QUÉ SUCEDE SI TENGO UNA OBJECIÓN AL ACUERDO?** |
|---|

Si no optó por no participar del Acuerdo y si desea presentar objeciones al acuerdo propuesto en la Audiencia justa, debe hacerlo primero por escrito. 19-cv-00502 (RWL)", con el sello del correo a más tardar [60 DÍAS DESPUÉS DE QUE EL ADMINISTRADOR DE RECLAMOS DEL ACUERDO ENVÍE POR CORREO ESTA NOTIFICACIÓN, EL FORMULARIO DE RECLAMO Y EL FORMULARIO DEL IRS] y enviarse a:

[ADMINISTRADOR DE RECLAMOS]

Las objeciones por escrito deben incluir su nombre y dirección, su firma, los motivos para presentar la objeción y hacer referencia a la causa *Pelon, et al v. Gabi Operating Corp., et al*, núm.: 19-cv-00502 (RWL). El Tribunal no considerará objeciones no incluidas en su declaración escrita. Si opta por no participar del acuerdo, tampoco puede objetar el acuerdo.

| **9.     ¿CUÁNDO ES LA AUDIENCIA JUSTA?** |
|---|

Se celebrará una audiencia ante el Honorable Robert W. Lehrburger, Juez de Tribunal Inferior de los Estados Unidos (U.S.M.J.), el día _____ a las _____ en el Tribunal de Distrito de los Estados Unidos del Distrito Sur de Nueva York ubicado en 500 Pearl Street, Courtroom 18D, Nueva York, NY 10007 (la "Audiencia Justa"). El objetivo de esta audiencia será que el Tribunal determine si el Acuerdo de resolución es justo, adecuado y razonable y debe estar aprobado por el Tribunal. El Tribunal tomará en cuenta todos los comentarios u objeciones que se presentaron de conformidad con los procedimientos antes descriptos.

| **10.     ¿CÓMO PUEDO EXAMINAR EL EXPEDIENTE JUDICIAL?** |
|---|

Esta Notificación no incluye todos los términos del Acuerdo propuesto ni todos los detalles de este proceso. Para obtener información más detallada, se le recomienda consultar los documentos y papeles subyacentes en el expediente del Tribunal.

Además, si tiene preguntas sobre esta Notificación o desea obtener más información, puede comunicarse con CSM Legal, P.C., 60 E. 42nd Street, #4510, Nueva York, NY 10165, al (212) 317-1200 o con el Administrador de reclamos a la dirección/número de teléfono antes indicado.

| **11.     ¿TENGO ABOGADO?** |
|---|

Se designó a CSM Legal, P.C. como asesor jurídico para que lo represente a usted y a los otros Miembros de la clase. Estos abogados se denominan Abogado de la clase. No se le cobrará por separado por la representación del Abogado de la clase. Sus honorarios se pagarán con la suma total del acuerdo. Si quiere que su propio abogado lo represente, puede contratar uno, a su costo.

# TRANSLATION CERTIFICATION

Date: July 18, 2022

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- **English**

To:

- **Spanish**

The documents are designated as:

- **Notice Rule 23- Gabi Operating Co**

Taylor Liff, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____

Signature of Taylor Liff

# EXHIBIT B

## CLASS MEMBER CLAIM FORM

*Pelon, et al v. Gabi Operating Corp., et al, Case No.: 19-cv-00502 (RWL)*

To share in the settlement, you must complete, sign and return this Claim Form and the enclosed IRS Form W-9.  If you do not fill out, sign and return timely a Claim Form and IRS Form W-9, you will not receive any money from this settlement.  This Claim Form must be postmarked on or before the date that is [60 DAYS AFTER THE SETTLEMENT CLAIMS ADMINISTRATOR MAILS THE NOTICE, CLAIM FORM AND IRS FORM ] (the "Claim Form Deadline"), and the IRS Form W-9 must be filled out, signed and postmarked on or before the date that is [300 DAYS AFTER THE CLAIM FORM DEADLINE], and sent to:

CLAIMS ADMINISTRATOR'S INFO

**MAIL TO:**
**[CLAIMS ADMINISTRATOR]**
**[ADDRESS / PHONE/FAX]**

The records of Defendants in the above-referenced case indicate that you worked as a non-exempt food service worker between January 17, 2013 and [THE DATE OF PRELIMINARY APPROVAL].  Under the formula agreed to by the Parties, your estimated Individual Settlement Amount is approximately _____.  Please note that this is just an estimate and is subject to change.

By signing and returning this form and the enclosed IRS Form W-9 (which may be returned to the Claims Administrator with your claim form, or at a later date that is within 300 calendar days of the Claim Form Deadline), you are claiming your Individual Settlement Amount and opting-in to the above-captioned case brought to recover damages under the Fair Labor Standards Act, New York Labor Law, and applicable regulations.

By signing and returning this form and the enclosed IRS Form W-9, you acknowledge that you are a class member of the above-entitled lawsuit, you are bound by its result, and that you are releasing claims against Defendants and Releasees, as set forth in greater detail in the Notice of Proposed Class Action Settlement and Fairness Hearing enclosed with this form.

Date: _____      _____
                                                    (Sign your name here)

| CORRECTIONS OR ADDITIONAL INFORMATION |
|---|
| Write any name and address corrections below if any is necessary **OR** if there is no preprinted data to the left, please provide your name and address here: |
| _____ |
| _____ |
| _____ |
| _____ |

| Daytime Telephone Number: | Evening Telephone Number: |
|---|---|

## FORMULARIO DE RECLAMO DEL MIEMBRO DE LA CLASE

*Pelon, et al v. Gabi Operating Corp., et al, causa núm.: 19-cv-00502 (RWL)*

Para participar del acuerdo, debe completar, firmar y devolver este formulario de reclamo y el formulario W-9 del IRS. Si no completa, firma y devuelve el formulario de reclamo y el formulario W-9 del IRS en tiempo oportuno, no recibirá suma alguna de este acuerdo. Este formulario de reclamo debe contar con el sello del correo antes de [60 DÍAS DESPUÉS DE QUE EL ADMINISTRADOR DE RECLAMOS DEL ACUERDO ENVÍE POR CORREO ESTA NOTIFICACIÓN, EL FORMULARIO DE RECLAMO Y EL FORMULARIO DEL IRS] (la "Fecha límite del formulario de reclamo"), y se debe completar, firmar y sellar en el correo el formulario W-9 del IRS antes de [300 DÍAS DESPUÉS DEL PLAZO DEL FORMULARIO DE RECLAMO] y enviarse a:

INFORMACIÓN DEL ADMINISTRADOR DE RECLAMOS

**ENVIAR A:**
**[ADMINISTRADOR DE RECLAMOS]**
**[DIRECCIÓN, TELÉFONO O FAX]**

Los registros de los Demandados en la causa de referencia indican que se desempeñó como trabajador no exento del servicio de comida entre el 17 de enero de 2013 y [FECHA DE APROBACIÓN PRELIMINAR]. De acuerdo con la fórmula acordada por las Partes, su Suma individual del acuerdo es de aproximadamente _____. Tenga en cuenta que esta suma es meramente una estimación y está sujeta a cambios.

Al firmar y devolver este formulario y el formulario W-9 del IRS adjunto (que se puede devolver al Administrador de reclamos junto con su formulario de reclamos o en una fecha posterior dentro de los 300 días calendario de la Fecha límite del formulario de reclamo), usted reclama su Suma individual del acuerdo y participa en la causa antes mencionada iniciada para obtener un resarcimiento por los daños y perjuicios en virtud de la Ley de Normas Justas de Trabajo, la Ley de Trabajo de Nueva York y las regulaciones aplicables.

Al firmar y devolver este formulario y el formulario W-9 del IRS adjunto, reconoce que es miembro de la clase del juicio antes mencionado, que su resultado será vinculante para usted y que exime de responsabilidad a los Demandados y las Partes eximidas de responsabilidad, como se describe de forma más detallada en la Notificación del acuerdo propuesto y la audiencia justa de la acción de clase que se adjunta a este formulario.

Fecha: _____    _____
                                    (Firme aquí)

| **CORRECCIONES O INFORMACIÓN ADICIONAL** |
|---|
| Escriba las correcciones de nombre y dirección a continuación si es necesario **O** si no existen datos previamente impresos a la izquierda, proporcione su nombre y dirección aquí: |
| _____ |
| _____ |
| _____ |

1

| Número de teléfono durante el día: | Número de teléfono durante la noche: |
|---|---|

2

# TRANSLATION CERTIFICATION

Date: July 18, 2022

To whom it may concern:

This is to certify that the attached translation is an accurate representation of the documents received by this office. The translation was completed from:

- **English**

To:

- **Spanish**

The documents are designated as:
- **Notice Rule 23- Gabi Operating Co**

Taylor Liff, Project Manager in this company, attests to the following:

"To the best of my knowledge, the aforementioned documents are a true, full and accurate translation of the specified documents."

_____

Signature of Taylor Liff

# EXHIBIT C

Form **W-9**
(Rev. October 2018)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

▶ Go to *www.irs.gov/FormW9* for instructions and the latest information.

**Give Form to the requester. Do not send to the IRS.**

---

**1** Name (as shown on your income tax return). Name is required on this line; do not leave this line blank.

**2** Business name/disregarded entity name, if different from above

**3** Check appropriate box for federal tax classification of the person whose name is entered on line 1. Check only **one** of the following seven boxes.

☐ Individual/sole proprietor or single-member LLC   ☐ C Corporation   ☐ S Corporation   ☐ Partnership   ☐ Trust/estate

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=Partnership) ▶ _____

**Note:** Check the appropriate box in the line above for the tax classification of the single-member owner.  Do not check LLC if the LLC is classified as a single-member LLC that is disregarded from the owner unless the owner of the LLC is another LLC that is **not** disregarded from the owner for U.S. federal tax purposes. Otherwise, a single-member LLC that is disregarded from the owner should check the appropriate box for the tax classification of its owner.

☐ Other (see instructions) ▶

**4** Exemptions (codes apply only to certain entities, not individuals; see instructions on page 3):

Exempt payee code (if any) _____

Exemption from FATCA reporting code (if any) _____

*(Applies to accounts maintained outside the U.S.)*

**5** Address (number, street, and apt. or suite no.) See instructions.

**6** City, state, and ZIP code

Requester's name and address (optional)

**7** List account number(s) here (optional)

*Print or type.*
*See Specific Instructions on page 3.*

---

## Part I    Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on line 1 to avoid backup withholding. For individuals, this is generally your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the instructions for Part I, later. For other entities, it is your employer identification number (EIN). If you do not have a number, see *How to get a TIN,* later.

**Note:** If the account is in more than one name, see the instructions for line 1. Also see *What Name and Number To Give the Requester* for guidelines on whose number to enter.

**Social security number**

☐☐☐ – ☐☐ – ☐☐☐☐

**or**

**Employer identification number**

☐☐ – ☐☐☐☐☐☐☐

---

## Part II    Certification

Under penalties of perjury, I certify that:

1. The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me); and
2. I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding; and
3. I am a U.S. citizen or other U.S. person (defined below); and
4. The FATCA code(s) entered on this form (if any) indicating that I am exempt from FATCA reporting is correct.

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions for Part II, later.

**Sign Here**   Signature of U.S. person ▶   ✗         Date ▶

---

# General Instructions

Section references are to the Internal Revenue Code unless otherwise noted.

**Future developments.** For the latest information about developments related to Form W-9 and its instructions, such as legislation enacted after they were published, go to *www.irs.gov/FormW9*.

## Purpose of Form

An individual or entity (Form W-9 requester) who is required to file an information return with the IRS must obtain your correct taxpayer identification number (TIN) which may be your social security number (SSN), individual taxpayer identification number (ITIN), adoption taxpayer identification number (ATIN), or employer identification number (EIN), to report on an information return the amount paid to you, or other amount reportable on an information return. Examples of information returns include, but are not limited to, the following.

• Form 1099-INT (interest earned or paid)

• Form 1099-DIV (dividends, including those from stocks or mutual funds)

• Form 1099-MISC (various types of income, prizes, awards, or gross proceeds)

• Form 1099-B (stock or mutual fund sales and certain other transactions by brokers)

• Form 1099-S (proceeds from real estate transactions)

• Form 1099-K (merchant card and third party network transactions)

• Form 1098 (home mortgage interest), 1098-E (student loan interest), 1098-T (tuition)

• Form 1099-C (canceled debt)

• Form 1099-A (acquisition or abandonment of secured property)

Use Form W-9 only if you are a U.S. person (including a resident alien), to provide your correct TIN.

*If you do not return Form W-9 to the requester with a TIN, you might be subject to backup withholding. See* What is backup withholding, *later.*

---

By signing the filled-out form, you:

1. Certify that the TIN you are giving is correct (or you are waiting for a number to be issued),

2. Certify that you are not subject to backup withholding, or

3. Claim exemption from backup withholding if you are a U.S. exempt payee. If applicable, you are also certifying that as a U.S. person, your allocable share of any partnership income from a U.S. trade or business is not subject to the withholding tax on foreign partners' share of effectively connected income, and

4. Certify that FATCA code(s) entered on this form (if any) indicating that you are exempt from the FATCA reporting, is correct. See *What is FATCA reporting,* later, for further information.

**Note:** If you are a U.S. person and a requester gives you a form other than Form W-9 to request your TIN, you must use the requester's form if it is substantially similar to this Form W-9.

**Definition of a U.S. person.** For federal tax purposes, you are considered a U.S. person if you are:

• An individual who is a U.S. citizen or U.S. resident alien;

• A partnership, corporation, company, or association created or organized in the United States or under the laws of the United States;

• An estate (other than a foreign estate); or

• A domestic trust (as defined in Regulations section 301.7701-7).

**Special rules for partnerships.** Partnerships that conduct a trade or business in the United States are generally required to pay a withholding tax under section 1446 on any foreign partners' share of effectively connected taxable income from such business. Further, in certain cases where a Form W-9 has not been received, the rules under section 1446 require a partnership to presume that a partner is a foreign person, and pay the section 1446 withholding tax. Therefore, if you are a U.S. person that is a partner in a partnership conducting a trade or business in the United States, provide Form W-9 to the partnership to establish your U.S. status and avoid section 1446 withholding on your share of partnership income.

In the cases below, the following person must give Form W-9 to the partnership for purposes of establishing its U.S. status and avoiding withholding on its allocable share of net income from the partnership conducting a trade or business in the United States.

• In the case of a disregarded entity with a U.S. owner, the U.S. owner of the disregarded entity and not the entity;

• In the case of a grantor trust with a U.S. grantor or other U.S. owner, generally, the U.S. grantor or other U.S. owner of the grantor trust and not the trust; and

• In the case of a U.S. trust (other than a grantor trust), the U.S. trust (other than a grantor trust) and not the beneficiaries of the trust.

**Foreign person.** If you are a foreign person or the U.S. branch of a foreign bank that has elected to be treated as a U.S. person, do not use Form W-9. Instead, use the appropriate Form W-8 or Form 8233 (see Pub. 515, Withholding of Tax on Nonresident Aliens and Foreign Entities).

**Nonresident alien who becomes a resident alien.** Generally, only a nonresident alien individual may use the terms of a tax treaty to reduce or eliminate U.S. tax on certain types of income. However, most tax treaties contain a provision known as a "saving clause." Exceptions specified in the saving clause may permit an exemption from tax to continue for certain types of income even after the payee has otherwise become a U.S. resident alien for tax purposes.

If you are a U.S. resident alien who is relying on an exception contained in the saving clause of a tax treaty to claim an exemption from U.S. tax on certain types of income, you must attach a statement to Form W-9 that specifies the following five items.

1. The treaty country. Generally, this must be the same treaty under which you claimed exemption from tax as a nonresident alien.

2. The treaty article addressing the income.

3. The article number (or location) in the tax treaty that contains the saving clause and its exceptions.

4. The type and amount of income that qualifies for the exemption from tax.

5. Sufficient facts to justify the exemption from tax under the terms of the treaty article.

*Example.* Article 20 of the U.S.-China income tax treaty allows an exemption from tax for scholarship income received by a Chinese student temporarily present in the United States. Under U.S. law, this student will become a resident alien for tax purposes if his or her stay in the United States exceeds 5 calendar years. However, paragraph 2 of the first Protocol to the U.S.-China treaty (dated April 30, 1984) allows the provisions of Article 20 to continue to apply even after the Chinese student becomes a resident alien of the United States. A Chinese student who qualifies for this exception (under paragraph 2 of the first protocol) and is relying on this exception to claim an exemption from tax on his or her scholarship or fellowship income would attach to Form W-9 a statement that includes the information described above to support that exemption.

If you are a nonresident alien or a foreign entity, give the requester the appropriate completed Form W-8 or Form 8233.

## Backup Withholding

**What is backup withholding?** Persons making certain payments to you must under certain conditions withhold and pay to the IRS 24% of such payments. This is called "backup withholding." Payments that may be subject to backup withholding include interest, tax-exempt interest, dividends, broker and barter exchange transactions, rents, royalties, nonemployee pay, payments made in settlement of payment card and third party network transactions, and certain payments from fishing boat operators. Real estate transactions are not subject to backup withholding.

You will not be subject to backup withholding on payments you receive if you give the requester your correct TIN, make the proper certifications, and report all your taxable interest and dividends on your tax return.

**Payments you receive will be subject to backup withholding if:**

1. You do not furnish your TIN to the requester,

2. You do not certify your TIN when required (see the instructions for Part II for details),

3. The IRS tells the requester that you furnished an incorrect TIN,

4. The IRS tells you that you are subject to backup withholding because you did not report all your interest and dividends on your tax return (for reportable interest and dividends only), or

5. You do not certify to the requester that you are not subject to backup withholding under 4 above (for reportable interest and dividend accounts opened after 1983 only).

Certain payees and payments are exempt from backup withholding. See *Exempt payee code,* later, and the separate Instructions for the Requester of Form W-9 for more information.

Also see *Special rules for partnerships,* earlier.

## What is FATCA Reporting?

The Foreign Account Tax Compliance Act (FATCA) requires a participating foreign financial institution to report all United States account holders that are specified United States persons. Certain payees are exempt from FATCA reporting. See *Exemption from FATCA reporting code,* later, and the Instructions for the Requester of Form W-9 for more information.

## Updating Your Information

You must provide updated information to any person to whom you claimed to be an exempt payee if you are no longer an exempt payee and anticipate receiving reportable payments in the future from this person. For example, you may need to provide updated information if you are a C corporation that elects to be an S corporation, or if you no longer are tax exempt. In addition, you must furnish a new Form W-9 if the name or TIN changes for the account; for example, if the grantor of a grantor trust dies.

## Penalties

**Failure to furnish TIN.** If you fail to furnish your correct TIN to a requester, you are subject to a penalty of $50 for each such failure unless your failure is due to reasonable cause and not to willful neglect.

**Civil penalty for false information with respect to withholding.** If you make a false statement with no reasonable basis that results in no backup withholding, you are subject to a $500 penalty.

**Criminal penalty for falsifying information.** Willfully falsifying certifications or affirmations may subject you to criminal penalties including fines and/or imprisonment.

**Misuse of TINs.** If the requester discloses or uses TINs in violation of federal law, the requester may be subject to civil and criminal penalties.

# Specific Instructions

## Line 1

You must enter one of the following on this line; **do not** leave this line blank. The name should match the name on your tax return.

If this Form W-9 is for a joint account (other than an account maintained by a foreign financial institution (FFI)), list first, and then circle, the name of the person or entity whose number you entered in Part I of Form W-9. If you are providing Form W-9 to an FFI to document a joint account, each holder of the account that is a U.S. person must provide a Form W-9.

   a. **Individual.** Generally, enter the name shown on your tax return. If you have changed your last name without informing the Social Security Administration (SSA) of the name change, enter your first name, the last name as shown on your social security card, and your new last name.

**Note: ITIN applicant:** Enter your individual name as it was entered on your Form W-7 application, line 1a. This should also be the same as the name you entered on the Form 1040/1040A/1040EZ you filed with your application.

   b. **Sole proprietor or single-member LLC.** Enter your individual name as shown on your 1040/1040A/1040EZ on line 1. You may enter your business, trade, or "doing business as" (DBA) name on line 2.

   c. **Partnership, LLC that is not a single-member LLC, C corporation, or S corporation.** Enter the entity's name as shown on the entity's tax return on line 1 and any business, trade, or DBA name on line 2.

   d. **Other entities.** Enter your name as shown on required U.S. federal tax documents on line 1. This name should match the name shown on the charter or other legal document creating the entity. You may enter any business, trade, or DBA name on line 2.

   e. **Disregarded entity.** For U.S. federal tax purposes, an entity that is disregarded as an entity separate from its owner is treated as a "disregarded entity." See Regulations section 301.7701-2(c)(2)(iii). Enter the owner's name on line 1. The name of the entity entered on line 1 should never be a disregarded entity. The name on line 1 should be the name shown on the income tax return on which the income should be reported. For example, if a foreign LLC that is treated as a disregarded entity for U.S. federal tax purposes has a single owner that is a U.S. person, the U.S. owner's name is required to be provided on line 1. If the direct owner of the entity is also a disregarded entity, enter the first owner that is not disregarded for federal tax purposes. Enter the disregarded entity's name on line 2, "Business name/disregarded entity name." If the owner of the disregarded entity is a foreign person, the owner must complete an appropriate Form W-8 instead of a Form W-9. This is the case even if the foreign person has a U.S. TIN.

## Line 2

If you have a business name, trade name, DBA name, or disregarded entity name, you may enter it on line 2.

## Line 3

Check the appropriate box on line 3 for the U.S. federal tax classification of the person whose name is entered on line 1. Check only one box on line 3.

| IF the entity/person on line 1 is a(n) . . . | THEN check the box for . . . |
|---|---|
| • Corporation | Corporation |
| • Individual<br>• Sole proprietorship, or<br>• Single-member limited liability company (LLC) owned by an individual and disregarded for U.S. federal tax purposes. | Individual/sole proprietor or single-member LLC |
| • LLC treated as a partnership for U.S. federal tax purposes,<br>• LLC that has filed Form 8832 or 2553 to be taxed as a corporation, or<br>• LLC that is disregarded as an entity separate from its owner but the owner is another LLC that is not disregarded for U.S. federal tax purposes. | Limited liability company and enter the appropriate tax classification. (P= Partnership; C= C corporation; or S= S corporation) |
| • Partnership | Partnership |
| • Trust/estate | Trust/estate |

## Line 4, Exemptions

If you are exempt from backup withholding and/or FATCA reporting, enter in the appropriate space on line 4 any code(s) that may apply to you.

**Exempt payee code.**

• Generally, individuals (including sole proprietors) are not exempt from backup withholding.

• Except as provided below, corporations are exempt from backup withholding for certain payments, including interest and dividends.

• Corporations are not exempt from backup withholding for payments made in settlement of payment card or third party network transactions.

• Corporations are not exempt from backup withholding with respect to attorneys' fees or gross proceeds paid to attorneys, and corporations that provide medical or health care services are not exempt with respect to payments reportable on Form 1099-MISC.

   The following codes identify payees that are exempt from backup withholding. Enter the appropriate code in the space in line 4.

   1—An organization exempt from tax under section 501(a), any IRA, or a custodial account under section 403(b)(7) if the account satisfies the requirements of section 401(f)(2)

   2—The United States or any of its agencies or instrumentalities

   3—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

   4—A foreign government or any of its political subdivisions, agencies, or instrumentalities

   5—A corporation

   6—A dealer in securities or commodities required to register in the United States, the District of Columbia, or a U.S. commonwealth or possession

   7—A futures commission merchant registered with the Commodity Futures Trading Commission

   8—A real estate investment trust

   9—An entity registered at all times during the tax year under the Investment Company Act of 1940

   10—A common trust fund operated by a bank under section 584(a)

   11—A financial institution

   12—A middleman known in the investment community as a nominee or custodian

   13—A trust exempt from tax under section 664 or described in section 4947

The following chart shows types of payments that may be exempt from backup withholding. The chart applies to the exempt payees listed above, 1 through 13.

| IF the payment is for . . . | THEN the payment is exempt for . . . |
|---|---|
| Interest and dividend payments | All exempt payees except for 7 |
| Broker transactions | Exempt payees 1 through 4 and 6 through 11 and all C corporations. S corporations must not enter an exempt payee code because they are exempt only for sales of noncovered securities acquired prior to 2012. |
| Barter exchange transactions and patronage dividends | Exempt payees 1 through 4 |
| Payments over $600 required to be reported and direct sales over $5,000[1] | Generally, exempt payees 1 through 5[2] |
| Payments made in settlement of payment card or third party network transactions | Exempt payees 1 through 4 |

[1] See Form 1099-MISC, Miscellaneous Income, and its instructions.

[2] However, the following payments made to a corporation and reportable on Form 1099-MISC are not exempt from backup withholding: medical and health care payments, attorneys' fees, gross proceeds paid to an attorney reportable under section 6045(f), and payments for services paid by a federal executive agency.

**Exemption from FATCA reporting code.** The following codes identify payees that are exempt from reporting under FATCA. These codes apply to persons submitting this form for accounts maintained outside of the United States by certain foreign financial institutions. Therefore, if you are only submitting this form for an account you hold in the United States, you may leave this field blank. Consult with the person requesting this form if you are uncertain if the financial institution is subject to these requirements. A requester may indicate that a code is not required by providing you with a Form W-9 with "Not Applicable" (or any similar indication) written or printed on the line for a FATCA exemption code.

A—An organization exempt from tax under section 501(a) or any individual retirement plan as defined in section 7701(a)(37)

B—The United States or any of its agencies or instrumentalities

C—A state, the District of Columbia, a U.S. commonwealth or possession, or any of their political subdivisions or instrumentalities

D—A corporation the stock of which is regularly traded on one or more established securities markets, as described in Regulations section 1.1472-1(c)(1)(i)

E—A corporation that is a member of the same expanded affiliated group as a corporation described in Regulations section 1.1472-1(c)(1)(i)

F—A dealer in securities, commodities, or derivative financial instruments (including notional principal contracts, futures, forwards, and options) that is registered as such under the laws of the United States or any state

G—A real estate investment trust

H—A regulated investment company as defined in section 851 or an entity registered at all times during the tax year under the Investment Company Act of 1940

I—A common trust fund as defined in section 584(a)

J—A bank as defined in section 581

K—A broker

L—A trust exempt from tax under section 664 or described in section 4947(a)(1)

M—A tax exempt trust under a section 403(b) plan or section 457(g) plan

**Note:** You may wish to consult with the financial institution requesting this form to determine whether the FATCA code and/or exempt payee code should be completed.

## Line 5

Enter your address (number, street, and apartment or suite number). This is where the requester of this Form W-9 will mail your information returns. If this address differs from the one the requester already has on file, write NEW at the top. If a new address is provided, there is still a chance the old address will be used until the payor changes your address in their records.

## Line 6

Enter your city, state, and ZIP code.

# Part I. Taxpayer Identification Number (TIN)

**Enter your TIN in the appropriate box.** If you are a resident alien and you do not have and are not eligible to get an SSN, your TIN is your IRS individual taxpayer identification number (ITIN). Enter it in the social security number box. If you do not have an ITIN, see *How to get a TIN* below.

If you are a sole proprietor and you have an EIN, you may enter either your SSN or EIN.

If you are a single-member LLC that is disregarded as an entity separate from its owner, enter the owner's SSN (or EIN, if the owner has one). Do not enter the disregarded entity's EIN. If the LLC is classified as a corporation or partnership, enter the entity's EIN.

**Note:** See *What Name and Number To Give the Requester,* later, for further clarification of name and TIN combinations.

**How to get a TIN.** If you do not have a TIN, apply for one immediately. To apply for an SSN, get Form SS-5, Application for a Social Security Card, from your local SSA office or get this form online at *www.SSA.gov*. You may also get this form by calling 1-800-772-1213. Use Form W-7, Application for IRS Individual Taxpayer Identification Number, to apply for an ITIN, or Form SS-4, Application for Employer Identification Number, to apply for an EIN. You can apply for an EIN online by accessing the IRS website at *www.irs.gov/Businesses* and clicking on Employer Identification Number (EIN) under Starting a Business. Go to *www.irs.gov/Forms* to view, download, or print Form W-7 and/or SS-4. Or, you can go to *www.irs.gov/OrderForms* to place an order and have Form W-7 and/or SS-4 mailed to you within 10 business days.

If you are asked to complete Form W-9 but do not have a TIN, apply for a TIN and write "Applied For" in the space for the TIN, sign and date the form, and give it to the requester. For interest and dividend payments, and certain payments made with respect to readily tradable instruments, generally you will have 60 days to get a TIN and give it to the requester before you are subject to backup withholding on payments. The 60-day rule does not apply to other types of payments. You will be subject to backup withholding on all such payments until you provide your TIN to the requester.

**Note:** Entering "Applied For" means that you have already applied for a TIN or that you intend to apply for one soon.

**Caution:** A disregarded U.S. entity that has a foreign owner must use the appropriate Form W-8.

# Part II. Certification

To establish to the withholding agent that you are a U.S. person, or resident alien, sign Form W-9. You may be requested to sign by the withholding agent even if item 1, 4, or 5 below indicates otherwise.

For a joint account, only the person whose TIN is shown in Part I should sign (when required). In the case of a disregarded entity, the person identified on line 1 must sign. Exempt payees, see *Exempt payee code,* earlier.

**Signature requirements.** Complete the certification as indicated in items 1 through 5 below.

**1. Interest, dividend, and barter exchange accounts opened before 1984 and broker accounts considered active during 1983.** You must give your correct TIN, but you do not have to sign the certification.

**2. Interest, dividend, broker, and barter exchange accounts opened after 1983 and broker accounts considered inactive during 1983.** You must sign the certification or backup withholding will apply. If you are subject to backup withholding and you are merely providing your correct TIN to the requester, you must cross out item 2 in the certification before signing the form.

**3. Real estate transactions.** You must sign the certification. You may cross out item 2 of the certification.

**4. Other payments.** You must give your correct TIN, but you do not have to sign the certification unless you have been notified that you have previously given an incorrect TIN. "Other payments" include payments made in the course of the requester's trade or business for rents, royalties, goods (other than bills for merchandise), medical and health care services (including payments to corporations), payments to a nonemployee for services, payments made in settlement of payment card and third party network transactions, payments to certain fishing boat crew members and fishermen, and gross proceeds paid to attorneys (including payments to corporations).

**5. Mortgage interest paid by you, acquisition or abandonment of secured property, cancellation of debt, qualified tuition program payments (under section 529), ABLE accounts (under section 529A), IRA, Coverdell ESA, Archer MSA or HSA contributions or distributions, and pension distributions.** You must give your correct TIN, but you do not have to sign the certification.

## What Name and Number To Give the Requester

| For this type of account: | Give name and SSN of: |
|---|---|
| 1. Individual | The individual |
| 2. Two or more individuals (joint account) other than an account maintained by an FFI | The actual owner of the account or, if combined funds, the first individual on the account[1] |
| 3. Two or more U.S. persons (joint account maintained by an FFI) | Each holder of the account |
| 4. Custodial account of a minor (Uniform Gift to Minors Act) | The minor[2] |
| 5. a. The usual revocable savings trust (grantor is also trustee) | The grantor-trustee[1] |
| b. So-called trust account that is not a legal or valid trust under state law | The actual owner[1] |
| 6. Sole proprietorship or disregarded entity owned by an individual | The owner[3] |
| 7. Grantor trust filing under Optional Form 1099 Filing Method 1 (see Regulations section 1.671-4(b)(2)(i)(A)) | The grantor* |

| For this type of account: | Give name and EIN of: |
|---|---|
| 8. Disregarded entity not owned by an individual | The owner |
| 9. A valid trust, estate, or pension trust | Legal entity[4] |
| 10. Corporation or LLC electing corporate status on Form 8832 or Form 2553 | The corporation |
| 11. Association, club, religious, charitable, educational, or other tax-exempt organization | The organization |
| 12. Partnership or multi-member LLC | The partnership |
| 13. A broker or registered nominee | The broker or nominee |

| For this type of account: | Give name and EIN of: |
|---|---|
| 14. Account with the Department of Agriculture in the name of a public entity (such as a state or local government, school district, or prison) that receives agricultural program payments | The public entity |
| 15. Grantor trust filing under the Form 1041 Filing Method or the Optional Form 1099 Filing Method 2 (see Regulations section 1.671-4(b)(2)(i)(B)) | The trust |

[1] List first and circle the name of the person whose number you furnish. If only one person on a joint account has an SSN, that person's number must be furnished.

[2] Circle the minor's name and furnish the minor's SSN.

[3] You must show your individual name and you may also enter your business or DBA name on the "Business name/disregarded entity" name line. You may use either your SSN or EIN (if you have one), but the IRS encourages you to use your SSN.

[4] List first and circle the name of the trust, estate, or pension trust. (Do not furnish the TIN of the personal representative or trustee unless the legal entity itself is not designated in the account title.) Also see *Special rules for partnerships,* earlier.

**\*Note:** The grantor also must provide a Form W-9 to trustee of trust.

**Note:** If no name is circled when more than one name is listed, the number will be considered to be that of the first name listed.

## Secure Your Tax Records From Identity Theft

Identity theft occurs when someone uses your personal information such as your name, SSN, or other identifying information, without your permission, to commit fraud or other crimes. An identity thief may use your SSN to get a job or may file a tax return using your SSN to receive a refund.

To reduce your risk:

• Protect your SSN,

• Ensure your employer is protecting your SSN, and

• Be careful when choosing a tax preparer.

If your tax records are affected by identity theft and you receive a notice from the IRS, respond right away to the name and phone number printed on the IRS notice or letter.

If your tax records are not currently affected by identity theft but you think you are at risk due to a lost or stolen purse or wallet, questionable credit card activity or credit report, contact the IRS Identity Theft Hotline at 1-800-908-4490 or submit Form 14039.

For more information, see Pub. 5027, Identity Theft Information for Taxpayers.

Victims of identity theft who are experiencing economic harm or a systemic problem, or are seeking help in resolving tax problems that have not been resolved through normal channels, may be eligible for Taxpayer Advocate Service (TAS) assistance. You can reach TAS by calling the TAS toll-free case intake line at 1-877-777-4778 or TTY/TDD 1-800-829-4059.

**Protect yourself from suspicious emails or phishing schemes.** Phishing is the creation and use of email and websites designed to mimic legitimate business emails and websites. The most common act is sending an email to a user falsely claiming to be an established legitimate enterprise in an attempt to scam the user into surrendering private information that will be used for identity theft.

Form W-9 (Rev. 10-2018)

The IRS does not initiate contacts with taxpayers via emails. Also, the IRS does not request personal detailed information through email or ask taxpayers for the PIN numbers, passwords, or similar secret access information for their credit card, bank, or other financial accounts.

If you receive an unsolicited email claiming to be from the IRS, forward this message to *phishing@irs.gov.* You may also report misuse of the IRS name, logo, or other IRS property to the Treasury Inspector General for Tax Administration (TIGTA) at 1-800-366-4484. You can forward suspicious emails to the Federal Trade Commission at *spam@uce.gov* or report them at *www.ftc.gov/complaint.* You can contact the FTC at *www.ftc.gov/idtheft* or 877-IDTHEFT (877-438-4338). If you have been the victim of identity theft, see *www.IdentityTheft.gov* and Pub. 5027.

Visit *www.irs.gov/IdentityTheft* to learn more about identity theft and how to reduce your risk.

## Privacy Act Notice

Section 6109 of the Internal Revenue Code requires you to provide your correct TIN to persons (including federal agencies) who are required to file information returns with the IRS to report interest, dividends, or certain other income paid to you; mortgage interest you paid; the acquisition or abandonment of secured property; the cancellation of debt; or contributions you made to an IRA, Archer MSA, or HSA. The person collecting this form uses the information on the form to file information returns with the IRS, reporting the above information. Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation and to cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their laws. The information also may be disclosed to other countries under a treaty, to federal and state agencies to enforce civil and criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism. You must provide your TIN whether or not you are required to file a tax return. Under section 3406, payers must generally withhold a percentage of taxable interest, dividend, and certain other payments to a payee who does not give a TIN to the payer. Certain penalties may also apply for providing false or fraudulent information.